**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Elmer G. HAMILTON, Defendant-Appellant.**

**No. 17573.**

United States Court of Appeals
Seventh Circuit.

Jan. 15, 1970.

Rehearing Denied Feb. 12, 1970.

David B. Keller, Livingston, Dildine, Haynie & Yoder, Fort Wayne, Ind., for defendant-appellant.

Alfred W. Moellering, U. S. Atty., Fort Wayne, Ind., for plaintiff-appellee.

Before HASTINGS and KNOCH, Senior Circuit Judges, and DILLIN, District Judge.*

DILLIN, District Judge.

Defendant Hamilton has appealed from his conviction, by a jury, on each count of a two count indictment charging him with conspiracy to receive, conceal and possess stolen mail,[1] and with the substantive offense of knowingly having stolen mail in his possession.[2] We affirm.

Turning our attention first to the substantive count, and considering the evidence in the light most favorable to the government, as we must, United States v. Bruni, 7 Cir., 1966, 359 F.2d 807, cert. den. 385 U.S. 826, 87 S.Ct. 59, 17 L.Ed. 2d 63, it is apparent that the evidence was more than ample to justify the verdict of the jury, and indeed the defendant does not contend to the contrary. According to the evidence, thus considered, a bag of mail was stolen from a United States mail relay station in Hammond, Indiana, on March 11, 1968, and on the evening of the same day defendant arranged a meeting with one Allen, displayed to him checks and other items which he stated he had "snatched" from the mail, and agreed to meet with Allen on the following day to cash the checks, which he then divided with Allen. On the following day the two met in Munster, Indiana, at an agreed site and were sitting in an automobile holding a portion of the stolen checks in their hands when they were arrested by postal inspectors who had been alerted to the plan by Allen. Other stolen checks were on the seat of the automobile between the two men. Certain of the checks were received in evidence on proof of their having been placed in the mail and not delivered according to the address on the envelopes in which they were contained.

---

* Judge Dillin is sitting by designation from the Southern District of Indiana.

1. 18 U.S.C. § 371.

2. 18 U.S.C. § 1708.

The defendant testified in his own behalf to the effect that it was Allen, not he, who arranged the first meeting, that Allen then declined to discuss the purpose of the meeting but instead arranged for the second meeting at Munster, that only at such second meeting was he aware that any checks were to be discussed, and only then when Allen produced them a few moments before the arrest. In short, his contention is that he was "framed" by Allen, and that he never had any knowing or unlawful, as distinguished from a mere fleeting, momentary and innocent possession of the checks. His sole ground for appeal on the possession count is that the trial court's instruction No. 23 did not adequately advise the jury of his theory of the case, and permitted the jury to find him guilty on the basis of his mere presence in the vicinity of the stolen matter.[3]

Instruction 23 reads as follows:

> "The Defendant Hamilton has been indicted for the crime of possession of stolen mail. To convict Defendant Hamilton of the crime charged in the Indictment, the Government must prove beyond a reasonable doubt that such defendant bought, received, concealed or unlawfully had in his possession any mail matter, or any article contained therein, which was stolen or embezzled from the mail, with knowledge that such mail matter was unlawfully taken. It is not necessary that the Government prove who stole the mail matter, or how it was stolen."

We observe at once that the instruction was taken from the manual on jury instructions in criminal cases heretofore approved by this Court.[4]

■ Jury instructions are to be considered together as a connected series, without undue emphasis given to any of them.[5] The trial court so advised the jury in its instruction No. 2. Thereafter, in its instruction No. 20, the court, after defining possession, instructed the jury as follows:

> "Mere presence in the vicinity of the contents of letters which have been stolen, taken, embezzled and abstracted from a mail bag on a U. S. mail route, or mere knowledge of their physical location, however, does not constitute possession under the statute."

Also, at the conclusion of its instruction No. 22, the following was given:

> "It is the exclusive province of the jury to determine whether the facts and circumstances shown by the evidence in the case warrant any inference which the law permits the jury to draw from possession of recently stolen property. If any possession the accused may have had of recently stolen property is consistent with innocence, the jury should acquit the accused."

Instructions No. 20 and No. 22 were read immediately following the complained of No. 23.

■ We think that the instructions, taken as a whole, fully expressed the legal principles applicable to the defense that the defendant was, in effect, victimized by Allen, and the record discloses that defendant's trial counsel[6] vigor-

---

3. Defendant's counsel made timely objection to the instruction, as follows: "Defendant Hamilton objects to the giving of the Court's Instruction 23 on the ground that under the evidence introduced the instruction would be confusing to the jury and imply that even a fleeting, momentary possession by Hamilton of an item stolen from the mails would constitute an offense of possessing stolen mail, given in the absence of him having knowledge of the mail being stolen or even the occasion that he had no other opportunity but to be close around or in contact with that particular part of the stolen mail."

4. Manual on Jury Instructions in Federal Criminal Cases, Seventh Circuit Judicial Conference on Jury Instructions, § 21.02 (1965), also reported at 33 F.R.D. 553, and hereafter cited as "Manual."

5. Manual § 2.02, citing McClanahan v. United States, 5 Cir., 1961, 292 F.2d 630.

6. Defendant's counsel on appeal did not represent him in the trial below.

ously argued such theory in summation. The jury could not have been misled. There is no error under such circumstances. United States v. Napue, 7 Cir., 1968, 401 F.2d 107, cert. den. 393 U.S. 1024, 89 S.Ct. 634, 21 L.Ed.2d 568, reh. den. 393 U.S. 1112, 89 S.Ct. 858, 21 L. Ed.2d 813; United States v. Mullins, 7 Cir., 1966, 355 F.2d 883, cert. den. 384 U.S. 942, 86 S.Ct. 1465, 16 L.Ed.2d 540; United States v. Doran, 7 Cir., 1962, 299 F.2d 511, cert. den. sub nom. Abbrescia v. United States, 370 U.S. 925, 82 S.Ct. 1563, 8 L.Ed.2d 504.

■ Moreover, the defendant did not tender any instructions, as it was his right to do.[7] This is a further indication that no special instruction on defendant's theory—a theory quite easy to understand—was required. United States v. Roviaro, 7 Cir., 1967, 379 F.2d 911; United States v. Phillips, 7 Cir., 1967, 375 F.2d 75.

The defendant has devoted the greater part of his brief to a multi-pronged attack upon the verdict and judgment of conviction on the conspiracy count. Although his points are well and earnestly presented, we are not required to and do not express an opinion with regard thereto.

When the defendant was sentenced, the trial court imposed identical sentences on each count, and adjudged that they be served concurrently. In the doctrine first enunciated by Chief Justice Marshall in Locke v. United States, 1813, 7 Cranch 339, 3 L.Ed. 364, and consistently followed thereafter, if a defendant has been validly convicted on any one count of a multi-count indictment it is unnecessary to consider the others when concurrent sentences are imposed. cf. Hirabayashi v. United States, 1943, 320 U.S. 81, 63 S.Ct. 1375, 87 L.Ed. 1774; Roviaro v. United States, 1957, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639; Baren-

blatt v. United States, 1959, 360 U.S. 109, 79 S.Ct. 1081, 3 L.Ed.2d 1115.

■ The Supreme Court re-examined the concurrent sentence doctrine this past June in Benton v. Maryland, 1969, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707. Although the Court concluded that the doctrine posed no jurisdictional bar to the consideration of challenges to multiple convictions, once one had been found valid, it expressly declined to consider the question of the continuing vitality of the rule as a rule of judicial convenience. Rather, the Court recognized that in certain circumstances a federal appellate court, as a matter of discretion, might find it unnecessary to consider all allegations made by an appellant. Circumstances to be considered include, for example, whether or not the second count conviction might foreseeably cause the defendant to suffer significant adverse consequences, such as imposition of a harsher sentence on some later conviction on a new crime, or prosecution as a habitual offender under state law.

■ In this case we do not foresee any adverse consequences to defendant if the conspiracy count is unreviewed. This 39 year old man, by his own admission, has been continuously afoul of the law since the age of 14, and has already had at least three felony convictions, including the current possession count. The conspiracy count grows out of the same series of acts as the possession count, as would be obvious to any sentencing judge. We are of the opinion that review of the conspiracy conviction is discretionary, under all of the circumstances, and in the exercise of that discretion decline to review it.

The court expresses its appreciation to Mr. David B. Keller, of the Fort Wayne bar, for his able services as court-appointed counsel for the defendant.

Affirmed.

---

7. Rule 30, Federal Rules of Criminal Procedure.