**UNITED STATES of America, Appellee,**

**v.**

**Dee Orlo BRAKE, Appellant.**

**No. 78–1859.**

United States Court of Appeals, Eighth Circuit.

Submitted April 16, 1979.

Decided April 19, 1979.

---

Roxanne Barton Conlin, U. S. Atty., and Don C. Nickerson, Asst. U. S. Atty., Des Moines, Iowa, on brief, for appellee.

Before ROSS, STEPHENSON and HENLEY, Circuit Judges.

PER CURIAM.

Following a jury trial in the United States District Court for the Southern District of Iowa, over which trial Chief District Judge William C. Stuart presided, the defendant, Dee Orlo Brake, an Iowa farmer, was found guilty on a twenty count indictment charging violations of 18 U.S.C. § 493.

Specifically, the defendant was charged with having willfully and with intent to defraud forged the name of his father, Orlo W. Brake, to certain financial documents which the defendant presented, uttered and published as true to the local Production Credit Association in Ottumwa, Iowa for the purpose of securing continuing financing from the PCA for his farming operations.[1] The odd numbered counts of the indictment charged the forgery of the older Brake's name to ten documents, and the even numbered counts charged the uttering of the respective documents as true.

The indictment period runs through 1974 and 1975. During that period of time the defendant as he was able was making payments on his obligations to the PCA. The indictment was not returned until late August, 1978. It is evident that at some stage the PCA discovered that the defendant was obtaining funds from the Association on forged instruments and cut him off, and that thereafter the defendant settled, or more or less settled, his debt to the Association out of the proceeds of a sale of his farm equipment and out of the proceeds of an ultimate foreclosure sale of the farm itself. There is little doubt that probably by the time at which he was indicted and certainly by the time at which he was convicted the defendant was a ruined man financially, at least for the time being.

John P. Roehrick, Des Moines, Iowa, on brief, for appellant.

---

1. Local Production Credit Associations are organized under federal law and are within the over-all regulatory and financial jurisdiction of the federal Farm Credit Administration. The district court did not consider the precise relationship of a local PCA to the "United States" as being material, and we agree.

It is evident that Judge Stuart did not consider the defendant to be a systematic criminal or a bad man. The Judge sentenced him to concurrent sentences of imprisonment of one year each on all twenty counts of the indictment, but stipulated that the defendant would only be required to serve two months of the over-all one year sentence.

Notwithstanding the leniency of the sentence, defendant elected to file a timely notice of appeal. For reversal he makes only one contention, namely, that the district court erred in refusing to give his requested "theory of defense" instruction based upon the payments that he made on his obligation to the PCA while he was still obtaining credit and on his sacrifice of his assets to satisfy his debts after the Association discovered that the signatures of defendant's father on the documents that the defendant submitted to the Association were not genuine.

In pertinent part, the requested instruction was as follows:

> While the evidence of payments upon such notes is not in and of itself a justification for forgery, such evidence is admissible for the purpose of demonstrating that the defendant acted in good faith and did not have an intent to defraud the Production Credit Association of Ottumwa, Iowa.

■ There is no question that a defendant in a criminal case is entitled to have the jury know what he contends, and that ordinarily he is entitled to a "theory of defense" or a "position" instruction if he makes a timely request for such an instruction, if the request is supported by evidence, and if it sets out a correct declaration of law. *United States v. Hill,* 589 F.2d 1344 (8th Cir. 1979); *United States v. Rabbitt,* 583 F.2d 1014 (8th Cir. 1978); *United States v. Nance,* 502 F.2d 615 (8th Cir. 1974), *cert. denied,* 420 U.S. 926, 95 S.Ct. 1123, 43 L.Ed.2d 396 (1975).

However, a defendant is not entitled to a particularly worded instruction setting out his position where the instructions actually given by the trial judge adequately and correctly cover the substance of the requested instruction. *United States v. Brown,* 540 F.2d 364, 380 (8th Cir. 1976). And, of course, the instructions of the trial court must be considered as a whole.

■ We have examined the detailed charge that Judge Stuart gave to the jury. In our estimation it fairly and fully stated the law, advised the jury as to the necessity of the government proving willfulness and fraudulent intent by the evidence and beyond a reasonable doubt, and adequately pointed out that the jury might consider the actions of the defendant along with all of the other evidence in the case in passing on his intent. The court, on the other hand, quite properly told the jury that the government was not required to prove that the defendant intended to cause the Association to sustain ultimate financial loss or that such loss was in fact sustained.

It is clear to us that the jury understood the defense theory and that under the instructions of the court defense counsel could, and doubtless did, make an adequate argument on the basis of that theory.

The judgment of the district court is affirmed.