STATE of Iowa, Plaintiff–Appellee,

v.

Ronald Lee STEWART, Defendant–Appellant.

No. 88–151.

Court of Appeals of Iowa.

June 15, 1989.

William L. Wegman, State Public Defender, and Linda Del Gallo, Asst. State Public Defender, for defendant-appellant.

Thomas J. Miller, Atty. Gen., Mark Joel Zbieroski, Asst. Atty. Gen., and Nan Horvat, Asst. County Atty., for plaintiff-appellee.

Considered by OXBERGER, C.J., and SCHLEGEL and SACKETT, JJ.

SACKETT, Judge.

We address a series of challenges made by defendant-appellant Ronald Stewart after his conviction following a jury trial of robbery in the first degree and going armed with intent. Defendant allegedly robbed the cashier's office at Drake University in Des Moines, Iowa.

## I.

Defendant first contends there was error because he was not allowed to obtain a series of out-of-state witnesses at public expense. Defendant sought to defend the charge by showing a diminished capacity. He contended he was addicted to cocaine. He contends the witnesses he sought to call would provide nonexpert testimony verifying his addiction to cocaine and his state of mind before and after the robbery.

■ The issue of calling defense witnesses at public expense is addressed by Iowa Rule of Criminal Procedure 19(4), which provides:

> Counsel for a defendant who because of indigency is financially unable to obtain expert or other witnesses necessary to an adequate defense of the case may request in a written application that the necessary witnesses be secured at public expense. *Upon finding, after appropriate inquiry, that the services are necessary* and that the defendant is financially unable to provide compensation, the court shall authorize counsel to obtain the witnesses on behalf of the defendant. The court shall determine reasonable compensation and direct payment pursuant to chapter 815, The Code. (Emphasis supplied.)

This rule is intended to protect the due process rights of a defendant without financial means and assure the defendant has a fair opportunity to present his or her defense. *See United States v. Sloan,* 776 F.2d 926, 928 (10th Cir.1985); *Ake v. Oklahoma,* 470 U.S. 68, 76, 105 S.Ct. 1087, 1093, 84 L.Ed.2d 53, 61 (1985).

■ We review the trial court's decision for an abuse of discretion and will reverse only if that discretion is abused. *See United States v. Blade,* 811 F.2d 461, 467 (8th Cir.1987); *United States v. Kills Plenty,* 466 F.2d 240, 244 (8th Cir.1972). The State does not dispute defendant was without funds to pay for his defense. Therefore, to trigger the rights to call witnesses afforded by Iowa R.Crim.P. 19(4), the defendant must show the witness' testimony was both material and favorable to his or her defense. *United States v. Valenzuela-Bernal,* 458 U.S. 858, 867, 102 S.Ct. 3440, 3446, 73 L.Ed.2d 1193, 1202 (1982).

■ The trial court should give considerable weight to a defendant's application to call witnesses. *See State v. McGhee,* 220 N.W.2d 908, 913 (Iowa 1974). The underlying question is whether the application is reasonable. If it is reasonable it should be granted. *See United States v. Lincoln,* 542 F.2d 746, 749 (8th Cir.1976), cert. denied, 429 U.S. 1106, 97 S.Ct. 1138, 51 L.Ed.2d 558 (1977).

■ We agree with the defendant, as did the trial court, it was reasonable for defendant to be allowed to call a witness or witnesses to testify to his addiction and mental state before and after the robbery. This, however, is not the issue. Rather, the issue is whether it was reasonable for defendant to call fifteen or sixteen witnesses to testify to the same facts. Defendant made only general statements about the proposed testimony of the fifteen or sixteen witnesses. The court sought to assist defendant in focusing his request to those witnesses best able to develop his defense. Because the witnesses were out of state the court made long-distance telephone services available to the defendant to interview the witness to ascertain the ones he wished to call.

We find no abuse of the trial court's discretion in refusing defendant's request for fifteen witnesses at public expense to testify to the same thing where the refusal was coupled with a determination defendant could call several witnesses. We also consider in our determination a method to interview the witnesses was made available to defendant which he did not use, and defendant failed despite the trial court's assistance and urging to limit his request to a reasonable number of witnesses.

## II.

■ Defendant next complains the trial court erred in allowing testimony at trial concerning a gun and $2,700 in cash found in a motel room occupied by defendant after the robbery. The room was in Independence, Missouri. Defendant contends

the information was gained from a search of the motel room in violation of his fourth amendment constitutional rights. A warrant for defendant's arrest had issued after the robbery. A tip was received defendant was at the motel in the Independence area. Missouri police went to the motel, located defendant's truck and learned defendant was in room 142. The entrance to room 142 was an outside entrance. Police surrounded defendant's room and called the room telling defendant he was under arrest. Defendant exited, was arrested and handcuffed. Officers checked the room for other persons and gathered defendant's belongings for safekeeping. The items gathered included the gun and the cash.

Subject to objection, testimony about what was found in the motel room was admitted into evidence. The trial court admitted the evidence on the ground it was the result of an inventory search. The lawfulness of an inventory search of belongings of an arrestee known to be staying in a hotel or motel is unsettled. *See United States v. Lyons,* 706 F.2d 321, 331–35 (D.C.Cir.1983); *United States v. Griffith,* 537 F.2d 900, 905 (7th Cir.1976); *United States v. Pryor,* 652 F.Supp. 1353, 1370 (D.Me.1987); *See also* 2 W.R. LaFave, *Search and Seizure,* § 5.5 at 357–58 (1978 & Supp.1986).

We find it unnecessary to traverse these uncharted grounds because we find the error if any caused by the admission of the testimony to be harmless beyond a reasonable doubt. *See State v. Baldwin,* 396 N.W.2d 192, 197 (Iowa 1986).

Defendant outside the presence of the jury freely admitted he committed the crime and the question of his innocence was not contested; rather his defense was diminished capacity. There were four witnesses to the robbery who identified defendant and said he had a gun. There was testimony at trial he told a detective from Missouri he robbed Drake for cocaine and gambling money and he used the money for drugs and gambling. The testimony as to the gun and money went to the issue of defendant's committing the crimes not his

defense of diminished capacity, the issue at trial. We find no error on this issue.

## III.

Defendant next contends his trial counsel was not effective because he failed to contact his out-of-state witnesses and/or obtain an investigator to do so. Defendant took an active part in his own defense. He did not follow his attorney's suggestion to limit his list of potential witnesses to a reasonable number. He continued to assert he was entitled to call all the witnesses.

He refused to utilize the offer of telephone assistance to call potential witnesses and refused to follow his attorney's advice he do so. His attorney contended before trial defendant failed to follow his advice in numerous other respects, including that of agreeing to a continuance so the defendant could have another opportunity to contact the witnesses he now claims his attorney did not call.

In assessing the reasonableness of an attorney's action we consider the attorney's actions may be determined or substantially influenced by defendant's own statements or actions. *Strickland v. Washington,* 466 U.S. 668, 691, 104 S.Ct. 2052, 2066, 80 L.Ed.2d 674, 695 (1984). Inquiry into the attorney's conversations with defendant are critical to an assessment of the attorney's investigation decisions. *Strickland,* 466 U.S. at 691, 104 S.Ct. at 2066, 80 L.Ed.2d at 696. Defendant has not shown his trial counsel was ineffective given defendant's attitudes and failure to follow his trial attorney's advice. We do not find his counsel to be ineffective.

## IV.

Defendant contends it was error for the court not to submit a special verdict form of not guilty by reason of diminished responsibility. Ordinarily a defendant is entitled to have instructions presented relating to any theory of defense for which there is foundation in the evidence if he or she makes a timely request and it sets out a correct declaration of law. *See United States v. Brake,* 596 F.2d 337, 339 (8th

Cir.1979); *United States v. Alfonso Perez,* 535 F.2d 1362, 1365 (2nd Cir.1976); *United States v. Platt,* 435 F.2d 789, 792 (2nd Cir.1970).

 The jury was instructed on the defense of diminished responsibility and that the defendant does not have to prove diminished responsibility, rather the burden is on the State to prove defendant was able to and did form the specific intent required. The language of the instruction clearly defines the defense. Defendant does not argue otherwise. Rather, defendant contends reversal is required because in refusing to submit the special verdict the trial court failed to follow certain rules of criminal procedure which defendant contends demand such a submission. Defendant directs us to Iowa R.Crim.P. 21(1) which provides:

> The jury must render a verdict of 'guilty,' which imports a conviction, or 'not guilty,' 'not guilty by reason of insanity,' or 'not guilty by reason of diminished responsibility,' which imports acquittal, on the charge. The jury shall return a verdict determining the degree of guilt in cases submitted to determine the grade of the offense.

and Iowa R.Crim.P. 21(8)(a) which provides:

> If the defense is insanity or diminished responsibility, the jury must be instructed that, if it acquits the defendant on either of those grounds, it shall state that fact in its verdict.

We agree the special verdict form should have been used but find no prejudice to defendant because it was not used. The error was harmless. The jury was clearly instructed on the issue of diminished responsibility. *See United States v. Vole,* 435 F.2d 774 (7th Cir.1970). They found defendant guilty. Consequently, even had the verdict form been given to the jury, it would not have been used. Where there is no basis to find the jury has been mislead by a failure to instruct it is harmless error. *United States v. Hamilton,* 420 F.2d 1096, 1098–99 (7th Cir.1970). And there is no prejudice where the instructions given adequately and correctly cover the substance of any requested instruction, *United States v. Brake,* 596 F.2d at 339, and adequately instruct on the defense claimed. *United States v. Hill,* 589 F.2d 1344, 1352 (8th Cir.1979).

AFFIRMED.