Danny STANLEY, Appellant,

v.

A.L. LOCKHART, Director, Arkansas Department of Correction, Appellee.

No. 90–2371.

United States Court of Appeals, Eighth Circuit.

Submitted April 8, 1991.

Decided Aug. 12, 1991.

Rehearing Denied Oct. 2, 1991.

708

O. Jerome Green, Little Rock, Ark., for appellant.

Olan W. Reeves, Little Rock, Ark., for appellee.

Before McMILLIAN and WOLLMAN, Circuit Judges, and PECK,* Senior Circuit Judge.

WOLLMAN, Circuit Judge.

Danny Stanley, an Arkansas prisoner, appeals from the district court's [1] dismissal of his petition for writ of habeas corpus under 28 U.S.C. § 2254. We affirm.

On July 5, 1985, Stanley was charged with six counts of rape of his seven-year-old step-daughter. With the advice of counsel, and having entered into a written plea agreement, Stanley pleaded guilty to

---

* The HONORABLE JOHN W. PECK, United States Senior Circuit Judge for the Sixth Circuit, sitting by designation.

1. The Honorable Henry L. Jones, Jr., United States Magistrate Judge for the Eastern District of Arkansas.

one count of rape and was sentenced to twenty years' imprisonment. On December 30, 1985, Stanley filed a petition for post-conviction relief in the state trial court, pursuant to Arkansas Rule of Criminal Procedure 37, alleging ineffective assistance of counsel during the plea negotiations. The state trial court denied his motion. After Stanley failed to take a timely appeal, the Arkansas Supreme Court dismissed Stanley's motion for a belated appeal. Stanley then petitioned the federal district court for a writ of habeas corpus. Following a hearing, the district court dismissed the petition after concluding that Stanley had procedurally defaulted his post-conviction complaint and that there was neither cause for, nor prejudice resulting from, the default.

Stanley argues that procedural default of his claim of ineffective assistance of counsel did not occur because his claims were fairly presented to the state supreme court in his motion for belated appeal. Even if procedural default did occur, Stanley argues, he can establish cause for the default because he was mentally incompetent at the time of his crime, his confession, the entry of his guilty plea, and at the time for filing his post-conviction appeal. He contends that his mental incompetence nullifies his guilty plea and excuses his failure to file a timely appeal from the state trial court's denial of post-conviction relief. Stanley argues that having established cause, he can prove prejudice to his case based on his incompetence to negotiate his guilty plea and on the ineffectiveness of his counsel.

■ We conclude that Stanley procedurally defaulted his post-conviction claim by failing to meet the deadline for his appeal from the state trial court's denial of post-conviction relief. His motion for belated appeal did not present any substantive issues to the state supreme court and was summarily dismissed. "In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate

cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson,* —— U.S. ——, ——, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991).

■ We consider first the question of cause based on incompetence to file a timely appeal from the denial of the petition for state post-conviction relief. " '[C]ause' under the cause and prejudice test must be something *external* to the petitioner, something that cannot fairly be attributed to him." *Id.* at ——, 111 S.Ct. at 2566 (emphasis in original). Stanley contends that he suffers from schizophrenia. Nevertheless, Dr. Annette Slater, a psychiatrist who evaluated Stanley during the habeas proceedings in the district court, found that Stanley was experiencing no psychotic process. She found that Stanley's thoughts were well enough organized to enable him to work as a mechanic before his arrest and to function normally in day-to-day activities. Dr. Slater detected no reason to believe that Stanley would have had any difficulties understanding the charges against him, appreciating the wrongfulness of his acts, or recognizing his ability to conform his behavior accordingly. She did state, however, that given the earlier diagnoses of childhood schizophrenia in Stanley's records and Stanley's extremely deprived social background, it was entirely possible that Stanley might not have been able to participate effectively in his own defense or may not have been informed enough to understand the legal time frames and the limits under which he had to file his appeal. On the other hand, Dr. Walter Ogelsby, a psychiatrist who examined Stanley a month or so later, concluded that Stanley had never suffered from schizophrenia, but instead suffered from attention deficit disorder.

The district court found that Dr. Slater's report was too inconclusive to support a finding that Stanley was incompetent at the time he failed to file a timely appeal from the denial of his state court petition for post-conviction relief and that therefore

Stanley had not established cause for his procedural default. Having reviewed the record, we agree with the district court's holding regarding Stanley's competency to file a timely appeal. Stanley's pro se status and his limited educational background do not constitute sufficient cause to excuse his procedural default. *Smittie v. Lockhart,* 843 F.2d 295 (8th Cir.1988). *See also Ellis v. Lockhart,* 875 F.2d 200 (8th Cir. 1989); *Vasquez v. Lockhart,* 867 F.2d 1056 (8th Cir.1988), *cert. denied,* 490 U.S. 1100, 109 S.Ct. 2453, 104 L.Ed.2d 1007 (1989); *Hughes v. Idaho State Bd. of Corrections,* 800 F.2d 905 (9th Cir.1986); *Alexander v. Dugger,* 841 F.2d 371 (11th Cir.1988).

A federal habeas court may grant the writ despite the failure of the petitioner to demonstrate cause and prejudice if a constitutional violation has probably resulted in the conviction of one who is actually innocent. *Murray v. Carrier,* 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986); *Smith v. Murray,* 477 U.S. 527, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986). Stanley argues that his alleged mental illness equates with actual innocence. We do not agree. Stanley has made no showing that he is actually innocent of the crime for which he was convicted, and he does not argue that he did not rape his step-daughter. Accordingly, he cannot claim that his conviction resulted in a fundamental miscarriage of justice that entitles him to federal review of his procedurally defaulted claims. *Coleman v. Thompson, supra.*

Although Stanley's failure to establish cause for his procedural default made it unnecessary for the district court to consider whether Stanley had established prejudice as a result of the default, the district court addressed the merits of Stanley's claims and found them to be without merit.

At the hearing before the district court, Stanley's attorney at the time of the plea negotiations and guilty plea testified that he had discussed the charges with Stanley and Stanley's grandmother, and had explained the legal standards of insanity and competence to stand trial. Counsel stated that Stanley at that time felt that what he had done was wrong and that he (Stanley) did not believe that he would

meet the standards required to establish mental incompetence. Stanley did not reveal any history of mental problems to counsel and concurred in counsel's decision not to file a motion for a mental examination. It appears from the testimony of the attorney and from the opinions of Dr. Slater and Dr. Ogelsby that Stanley had a complete and rational understanding of the facts and circumstances of the charges against him at the time he consulted with his attorney during the plea negotiations and the entry of the guilty plea and that he had the ability to consult with his attorney with a reasonable degree of rational understanding. More is not required. *Drope v. Missouri,* 420 U.S. 162, 172, 95 S.Ct. 896, 904, 43 L.Ed.2d 103 (1975); *Wright v. Minnesota,* 833 F.2d 746, 748 (8th Cir. 1987), *cert. denied,* 485 U.S. 1011, 108 S.Ct. 1481, 99 L.Ed.2d 709 (1988).

We agree with the district court's holding that Stanley's trial attorney was not ineffective for failing to request a mental examination of Stanley and that Stanley was mentally competent to enter the guilty plea. Likewise, we agree with the district court that Stanley's contention that his trial counsel rendered ineffective assistance in other respects is without merit.

The district court's judgment dismissing the petition for writ of habeas corpus is affirmed.