Ronald Lee STEWART, Appellant,

v.

Crispus C. NIX, Appellee.

No. 93–3721.

United States Court of Appeals, Eighth Circuit.

Submitted July 26, 1994.

Decided Aug. 10, 1994.

Rehearing and Suggestion for Rehearing En Banc Denied Sept. 19, 1994.

See also, 445 N.W.2d 418.

Philip B. Mears, Iowa City, IA, argued for appellant.

Thomas D. McGrane, Des Moines, IA, argued (Bonnie J. Campbell and Thomas D. McGrane, on the brief), for appellee.

Before FAGG, WOLLMAN, and BEAM, Circuit Judges.

WOLLMAN, Circuit Judge.

Ronald Lee Stewart appeals from the district court's [1] order denying his petition for a writ of habeas corpus under 28 U.S.C. § 2254. Stewart argues that the district court erred in denying his request for an evidentiary hearing and his claim of ineffective assistance of trial counsel. We affirm.

## I.

Armed with a firearm, Stewart robbed the cashier's office at Drake University in Des Moines, Iowa, on June 25, 1987. The state charged Stewart with first-degree robbery and going armed with intent. Stewart filed a pro se pretrial motion raising the defense of diminished responsibility. He also requested subpoenas for fifteen out-of-state witnesses, claiming that each had knowledge of his drug addiction and his mental capacity at the time of the robbery. The trial court informed Stewart that he needed to reduce the number of his requested witnesses. The court arranged for Stewart to use the state's facilities to telephone his prospective witnesses so that he could determine which ones would be the most helpful in developing his defense. Nevertheless, when Stewart and his attorney went to telephone the witnesses, Stewart refused to call them.

---

1. The Honorable Charles R. Wolle, Chief Judge, United States District Court for the Southern District of Iowa.

At his jury trial, Stewart's only witness was Dr. Karl Northwall, a board-certified psychiatrist. Dr. Northwall testified that Stewart had a history of cocaine, marijuana, and alcohol dependence. He further testified that if Stewart had used substances as he claimed he did, his judgment would have been impaired at the time of the offenses. On cross-examination, Dr. Northwall acknowledged that his evaluation of Stewart was based primarily on information provided by Stewart without any independent corroboration. The court instructed the jury on the diminished-responsibility defense. The jury rejected the defense, however, and convicted Stewart on both counts.

Stewart's counsel filed a motion for a new trial, and Stewart filed his own supplemental new-trial motion, claiming, *inter alia,* ineffective assistance of counsel. The trial court denied both motions. On direct appeal, Stewart argued that his trial counsel had been ineffective in not contacting his out-of-state witnesses. The Iowa Court of Appeals rejected the claim, noting that Stewart had played an active role in his defense and that he had refused, against his attorney's advice, to utilize the opportunity to telephone his prospective witnesses. *State v. Stewart,* 445 N.W.2d 418, 421 (Iowa Ct.App.1989). The Iowa Supreme Court denied further review. *State v. Stewart,* No. 88–151 (Iowa Sept. 1, 1989).

Stewart filed this habeas action, again claiming, *inter alia,* that trial counsel had been ineffective in not contacting his prospective witnesses. As evidence for the ineffective-assistance claim, Stewart's habeas counsel obtained six affidavits from five individuals who were on Stewart's witness list. Stewart asked the district court for an evidentiary hearing to introduce the affidavits into the record. The district court denied Stewart's request, as well as his ineffective-assistance claim.

## II.

Stewart argues that the district court erred in denying him an evidentiary hearing.

Stewart contends that the affidavits demonstrate that if the affiants had been called to testify they would have corroborated Dr. Northwall's testimony concerning Stewart's drug addiction and mental capacity.

 Stewart is entitled to an evidentiary hearing to introduce additional evidence "if he can show cause for his failure to develop the facts in state-court proceedings and actual prejudice resulting from that failure." *Keeney v. Tamayo–Reyes,* — U.S. —, —, 112 S.Ct. 1715, 1721, 118 L.Ed.2d 318 (1992). Stewart has made no such showing of cause. Stewart could have developed his newly-alleged facts in state court when he moved for a new trial by presenting the evidence to the state trial court in the form of affidavits, *State v. Christianson,* 337 N.W.2d 502, 504 (Iowa 1983), just as he has attempted to do in this proceeding. Contrary to Stewart's contention, his pro se status does not excuse his failure to develop material facts in the state-court proceedings. *See Stanley v. Lockhart,* 941 F.2d 707, 710 (8th Cir.1991) (stating that a petitioner's pro se status does not constitute cause to excuse procedural default); *Smittie v. Lockhart,* 843 F.2d 295, 298 (8th Cir.1988) (same).

 We also find that Stewart could have presented this evidence in a state postconviction action. We recognize that Iowa law generally prohibits a postconviction petitioner from relitigating issues that have already been adjudicated on direct appeal. Iowa Code Ann. § 822.8; *Jones v. Scurr,* 316 N.W.2d 905, 910–11 (Iowa 1982). We are not convinced, however, that Stewart would have been barred from reasserting his ineffective-assistance claim if he had presented the Iowa courts with evidence that materially altered the nature of his claim.[2] In *State v. Wetzel,* the Iowa Supreme Court stated that a " 'postconviction proceeding is not intended as a vehicle for relitigation, *on the same factual basis,* of issues previously adjudicated.' " 192 N.W.2d 762, 764 (Iowa 1971) (emphasis added) (quoting *People v. West,* 43 Ill.2d 219, 252 N.E.2d 529, 530 (1969)). In-

---

2. We have not considered Stewart's citation to the unpublished decision *Wilkins v. State,* 438 N.W.2d 34 (Iowa Ct.App.1988), for under the

Iowa Rules of Appellate Procedure unpublished opinions of the Iowa appellate courts are not proper authority. Iowa R.App.P. 14(e), 102.

deed, Iowa Code section 822.2.4 provides that a postconviction action is available to a petitioner who claims that "[t]here exists evidence of material facts, not previously presented and heard, that requires vacation of [his] conviction . . . in the interest of justice." We therefore affirm the district court's denial of Stewart's request for an evidentiary hearing and consider the merits of his claim only upon the facts established in state court.

To establish an ineffective-assistance claim, Stewart must show that his counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). We need not determine whether counsel performed deficiently, for Stewart has not demonstrated prejudice. To prove prejudice from a trial attorney's failure to investigate potential witnesses, a petitioner must show that the uncalled witnesses would have testified at trial and that their testimony would have probably changed the outcome of the trial. *Lawrence v. Armontrout,* 900 F.2d 127, 130 (8th Cir.1990). The evidence in the state-court record establishes neither requirement.

The order denying the petition for writ of habeas corpus is affirmed.