UNITED STATES of America, Appellee,

v.

THREE PARCELS OF REAL PROPERTY, with all their buildings, appurtenances, and improvements, described as: Lots 5, 6, and 7, North Corder Place, a Subdivision in Kansas City, Jackson County, Missouri, except the North 10 Feet of Lot 5, according to the recorded plat thereof, also known as 2517 Benton Boulevard, Kansas City, Missouri, The North 20 Feet of Lot .90, and the South 20 Feet of Lot 91, Blue Hills, a Subdivision in Kansas City, Jackson County, Missouri, according to the recorded plat thereof, also known as 6810 Paseo, Kansas City, Missouri, Lot 129 and Lot 130 Park Gate, a Subdivision in Kansas City, Jackson County, Missouri, according to the recorded plat thereof, also known as 6436 Agnes, Kansas City, Missouri, United States Currency in the Amount of $8,990.00, Defendants.

Samuel L. Dowdy, Appellant,

Gilbert L. Dowdy; Federal National Mortgage Association, Claimants.

UNITED STATES of America, Appellee,

v.

THREE PARCELS OF REAL PROPERTY, with all their buildings, appurtenances, and improvements, described as: Lots 5, 6, and 7, North Corder Place, a Subdivision in Kansas City, Jackson County, Missouri, except the North 10 Feet of Lot 5, according to the recorded plat thereof, also known as 2517 Benton Boulevard, Kansas City, Missouri, The North 20 Feet of Lot 90, and the South 20 Feet of Lot 91, Blue Hills, a Subdivision in Kansas City, Jackson County, Missouri, according to the recorded plat thereof, also known as 6810 Paseo, Kansas City, Missouri, Lot 129 and Lot 130

Park Gate, a Subdivision in Kansas City, Jackson County, Missouri, according to the recorded plat thereof, also known as 6436 Agnes, Kansas City, Missouri, United States Currency in the Amount of $8,990.00, Defendants.

Samuel L. Dowdy, Claimant,

Gilbert L. Dowdy, Appellant,

Federal National Mortgage Association, Claimant.

Nos. 93–2511, 93–4036.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 12, 1994.

Decided Dec. 23, 1994.

Rehearing and Suggestion for Rehearing En Banc Denied March 24, 1995.*

---

* McMillian, Beam, and Loken, Circuit Judges, would grant the suggestion for rehearing en banc.

Jamie K. Lansford, Kansas City, MO, argued, for appellant.

Kathryn Meyercough Geller, Kansas City, MO, argued (Marietta Parker and Frances Reddis, on the brief), for appellee.

Before WOLLMAN, MAGILL, and BEAM, Circuit Judges.

MAGILL, Circuit Judge.

Gilbert and Samuel Dowdy appeal from a grant of summary judgment to the government in this 21 U.S.C. § 881 forfeiture action, arguing that the district court[1] erred in requiring strict compliance with Admiralty Rule C(6), that the preseizure hearing was inadequate to meet the requirements of due process, and several additional constitutional claims. Because we find that it is no abuse of discretion to require strict compliance with Rule C(6), and that objection to the nature of the preseizure hearing was explicitly waived, we affirm.

## I. BACKGROUND

On February 20, 1990, the United States filed a twenty-seven-count indictment in the United States District Court for the Western District of Missouri against Gilbert and Samuel Dowdy, alleging possession of, conspiracy to distribute, and distribution of cocaine and cocaine base; structuring currency transactions; and money laundering. In connection with this indictment, the government also sought civil forfeiture of two parcels of real property (19 East Armour and 7209 Troost) and several items of personal property pursuant to 21 U.S.C. § 881.

On November 13, 1990, Samuel Dowdy was acquitted on all counts, and Gilbert Dowdy was convicted of conspiracy to distribute cocaine, two counts of money laundering, and structuring currency transactions, and was sentenced to one term of life imprisonment, one term of ten years, and one term of twenty years, to run concurrently. He was also fined in the amount of $339,274 and the property at 19 East Armour was forfeited. On April 24, 1992, the government obtained a judgment of forfeiture on the property at 7209 Troost.

On January 28, 1992, the government filed a complaint for civil forfeiture and an ex parte motion for warrant of arrest of property against three additional parcels of real property, 2517 South Benton, 6810 Paseo, and 6436 Agnes, and against $8,990 seized at 6436 Agnes. The complaint sought forfeiture of the property pursuant to 21 U.S.C. § 881(a)(6) as proceeds traceable to exchanges of controlled substances, and, as to 6810 Paseo, pursuant to 21 U.S.C. § 881(a)(7) as property used, or intended to be used, to commit or facilitate a violation of Title 21 of the United States Code. The complaint identified Gilbert Dowdy as a potential claim-

---

1. The Honorable Joseph E. Stevens, Jr., Chief Judge, United States District Court for the West- ern District of Missouri.

ant of 2517 South Benton, Cannon Management Company (with which Samuel Dowdy was associated) as a potential claimant of 6810 Paseo, and Arthur Mitchell, whom the government alleged was a "strawman" for Gilbert Dowdy, as a potential claimant of 6436 Agnes.

The magistrate judge denied the government's motion for ex parte seizure, and instead, on February 20, 1992, held a hearing to determine if there was probable cause for the issuance of warrants for seizure on the properties. Gilbert Dowdy, his counsel, Arthur Mitchell, and Cannon Management Co. were all given notice of the hearing. Samuel Dowdy appeared at the hearing, and Gilbert's counsel also appeared on behalf of Samuel Dowdy, Arthur Mitchell, and Cannon Management Co. The magistrate judge again denied the government's request for ex parte warrants, rejecting the government's argument that "a preseizure . . . hearing was not necessary." The magistrate judge offered defense counsel an opportunity to address the issue of the scope of the hearing, which defense counsel rejected, saying that she would wait until the preforfeiture hearing to raise defenses. Defense counsel did not offer any evidence, and stipulated to the truth of the affidavit of the government's witness, Kenneth J. Wissel, Special Agent, IRS, and conducted a brief cross-examination. Samuel Dowdy testified regarding tenants of the properties. Defense counsel argued that 6436 Agnes was not forfeitable, and government counsel presented argument and evidence tracing ownership of 6436 Agnes. At the conclusion of the hearing, the magistrate judge invited the parties to submit posthearing briefs or cases, but no party did so. The magistrate judge found that the government had shown probable cause, and the warrants were issued.

On February 24, 1992, "Gilbert Dowdy, et al., Claimant(s)" filed a pro se notice of claim and request for summary judgment in the district court. The request stated that claimants had legally purchased the properties, that the properties had never been used to facilitate the commission of a crime, that plaintiff failed to state a claim on which relief could be granted and failed to enter evidence linking the properties to facilitation of a crime, and finally that the burden of proof could not be shifted without probable cause. He also filed a motion for a more definite statement regarding the connection of the properties to the facilitation of a crime. "Samuel Dowdy, et al., Claimants" filed similar pro se motions on March 9, 1992. On March 6, 1993, the district court denied the Dowdys' motions for summary judgment and for a more definite statement. On March 12, 1993, the government filed a motion to strike claims and for judgment of forfeiture, to which the Dowdys did not respond.

The district court entered an order granting the government's motion to strike the Dowdys' claims, finding that the claims did not meet the requirements of Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims (Rule C(6)) and did not set forth an interest in the properties sufficient to establish the Dowdys' standing to make a claim. The court then entered a final order of forfeiture. This appeal followed.

## II. DISCUSSION

### A. Compliance with Admiralty Rule C(6)

■ The Dowdys argue that the district court erred in requiring strict compliance with Rule C(6) and in striking their claims for non-compliance. We disagree. We have repeatedly held that district courts may require claimants in forfeiture proceedings to comply strictly with Rule C(6) in presenting their claims to the court. *See United States v. RR 2*, 959 F.2d 101, 104 (8th Cir.1992); *United States v. $3,817.49*, 826 F.2d 785, 787 (8th Cir.1987); *and United States v. Beechcraft Queen Airplane*, 789 F.2d 627, 630 (8th Cir.1986).

■ We review the district court's grant of the government's motion to strike the claims for abuse of discretion. *RR 2*, 959 F.2d at 104. The court found that the notices of claims did not meet the requirements of Rule C(6) nor did they set forth an identifiable ownership or possessory interest in the properties sufficient to establish standing. Rule C(6) requires that "[t]he claim shall be verified on oath or solemn affirmation, and

shall state the interest in the property by virtue of which the claimant demands its restitution and the right to defend the action." The purpose of Rule C(6) is "to inform the court that there is a claimant to the property who wants it back and intends to defend it." *Beechcraft*, 789 F.2d at 629. Each notice consisted only of a list of the three parcels of real property and the currency seized, and the following statement:

> Comes now, Gilbert L. Dowdy [Samuel Dowdy], et, al [sic], claimant(s) In Pro Se, and respectfully file herewith Notice of Claim to the above mentioned Defendant Properties.

> In support thereof Claimant(s) would state under the penalty of perjury that legal title and interests in the aforesaid Defendants bearing claimants [sic] names are the legal foundation for this Claim.

Each notice was signed and dated, and Samuel Dowdy's included a certificate of service.

The district court did not abuse its discretion in finding that the above notice did not comply with Rule C(6). First, the use of "et al." evades the required showing of an interest in the property. The notices do not specify in which properties the named claimants have an interest, nor do they specify who "et al." represents or in which properties "et al." have an interest. *See United States v. $104,674.00*, 17 F.3d 267, 268 (8th Cir.1994) (notices of claims that made "only a general attempt to state the nature of the interest being asserted" did not comply with Rule C(6) and default judgment for the government not an abuse of discretion). This lack of specificity is particularly problematic because 6810 Paseo's owner of record is Cannon Management, and 6436 Agnes's owner of record is Arthur Mitchell. The notices do not state whether the Dowdys or the owners of record or both claim an interest in any of the properties listed.

Second, the notices of claims were not verified as Rule C(6) requires. We have held that it is not an abuse of discretion for a district court to grant default judgment to the government when claimants fail to verify their notices of claims. *RR 2*, 959 F.2d at 104; *$3,817.49*, 826 F.2d at 787–88. The Dowdys themselves did not verify their

claims, and those represented by "et al." obviously did not and could not verify their unspecified claims to the properties in question.

Third, the Dowdys had the opportunity to amend their notices so that they would comport with the requirements of Rule C(6) and did not do so. The government filed its motion to strike claims and for judgment of forfeiture on March 12, 1993, and the district court did not enter the order to strike claims and the judgment of forfeiture until May 3, 1993. The Dowdys were both served with copies of the government's motion by mail on March 12. This gave them more than seven weeks in which to respond to the government's motion by amending their notices. They made no response at all to the government's motion. It was not an abuse of discretion for the district court to grant an unresisted motion to strike claims and for judgment of forfeiture. *See RR 2*, 959 F.2d at 104; *Beechcraft*, 789 F.2d at 630.

The Dowdys argue that, despite their lack of compliance with Rule C(6) and their failure to amend their notices after learning that they were deficient, the district court abused its discretion because they were proceeding pro se, and thus their notices should have been "liberally construed" and not stricken. We disagree. Procedural default is not excused merely because claimants are proceeding pro se. *Cf. Stewart v. Nix*, 31 F.3d 741, 743 (8th Cir.1994) ("pro se status does not excuse ... failure to develop material facts in ... state-court proceedings"); *Stanley v. Lockhart*, 941 F.2d 707, 710 (8th Cir.1991) ("Stanley's pro se status and his limited educational background do not constitute sufficient cause to excuse his procedural default"). The Dowdys argue, however, that we have held that strict compliance with Rule C(6) may not be required when "mitigating circumstances" are present, and that pro se status constitutes a mitigating circumstance. In *Beechcraft*, affirming the district court's decision to require strict compliance with Rule C(6), we stated that "[a] more liberal approach might be appropriate if Brown had timely petitioned the court to grant an extension of time, or if he could show that he had never received actual

notice of the complaint, or some other mitigating circumstances, but he makes only a general plea for liberal construction." 789 F.2d at 630. The claims in *Beechcraft* were not brought pro se and the examples of mitigating circumstances cited in *Beechcraft* are not analogous to pro se status: they are circumstances that show cause, extrinsic to the claimant's own failure to comply with procedural requirements, why an exception should be made to the general rule of strict compliance. The Dowdys not only do not show such cause, but offer no reason, other than being "legally outclassed and outmaneuvered," Appellant's Br. at 14, why they did not seek to amend their notices of claims after the government's motion provided them with notice of the deficiencies. Consistent with *Stewart* and *Stanley*, the district court did not abuse its discretion when it did not excuse failure to comply with Rule C(6) based on the Dowdys' pro se status.

## B. Sufficiency of the Preseizure Hearing

The Dowdys contend that the preseizure hearing afforded them did not comport with the Supreme Court's recent ruling in *United States v. James Daniel Good Real Property,* — U.S. ——, 114 S.Ct. 492, 126 L.Ed.2d 490 (1993), decided in December of 1993, about nine months after the judgment of forfeiture was entered in this case. In *Good,* the Court held that the due process clause of the Fifth Amendment applies to seizure proceedings under 21 U.S.C. § 881(a)(7), and requires preseizure notice and "adversary hearing." *Id.* at ——, 114 S.Ct. at 505. We have held that the requirement of preseizure notice and hearing applies retroactively to civil forfeiture cases not finally decided prior to *Good. United States v. 9638 Chicago Heights,* 27 F.3d 327, 329 (8th Cir.1994).

Although, ordinarily, "failure to properly raise [a] claim below constitutes a waiver" in the forfeiture context, *RR 2,* 959 F.2d at 103, in *Chicago Heights* we held that an objection to an ex parte seizure on probable cause grounds was sufficient to raise a due process challenge to the ex parte seizure and to preserve that challenge for appeal, 27 F.3d at 329 n. 2. *Chicago Heights,* however, like *Good* itself, concerned an ex parte seizure.

In the instant case, the government failed to convince the magistrate judge that ex parte seizure was appropriate, and a hearing was ordered. The magistrate judge offered the Dowdys' counsel the opportunity to argue regarding the scope of the hearing:

[THE COURT:] In its brief, the government also addresses the scope of this hearing and the form that this hearing should take, which is one of the reasons that I asked that the brief be provided to Ms. Coe. The government suggests that due to the ultimate burden it has at any trial in this case, that the nature of this hearing should be non-evidentiary in nature, and that its purpose should be to afford any claimants an opportunity to be heard by way of argument, by way of pointing out any mistakes in the identification of the property, or other mistakes that may occur, but that the hearing should not be converted into a full-blown evidentiary hearing with respect to the items set forth in the affidavit.

Ms. Coe, I am certainly inviting you, either at this time or at some other appropriate time, to make any statement of position you may have with respect to those issues. I will tell you right now I am inclined to accept the government's argument on what the scope of this proceeding is, but will certainly give you an opportunity to address that issue, if and when you think it is appropriate.

MS. COE [counsel for the Dowdys]: Your Honor—

THE COURT: At any rate, we are here to commence this hearing and so let's see what everybody has to say. Ms. Coe, I think I interrupted you.

MS. COE: That's okay. Your Honor, what I would agree to, at this point, in chambers we talked about continuing this to Tuesday, I think, possibly, based on what I've read that's been filed by the government, we can conclude this today. What I—if there is going to be a subsequent hearing, because reading the affidavit, there are some problems with the affidavit, as to property ownership, deeds of trust, and things of that nature, that it

would probably be more fitting to raise at the hearing?

Hearing Tr. at 4–5.

At the hearing's end, the magistrate judge again invited the parties to submit any additional briefs and cases they wished the court to consider. Counsel for the Dowdys submitted nothing.

■ Assuming, without deciding, that the nature of the hearing provided to the Dowdys was inadequate under *Good*,[2] we find that they explicitly rejected the opportunity to argue for a hearing wider in scope than that provided, and that they did not even exercise the rights offered to them by the hearing as the magistrate judge outlined it. The scope of the hearing, as outlined by the magistrate judge, included the opportunity to argue defenses and to clarify errors in the government's evidence. The magistrate judge clarified this point for government counsel during the hearing:

> [F]or purposes of probable cause of whether the warrant should issue, that's the whole purpose of this. I mean, I think she can come in here and state, as she has, her legal argument that the affidavit is insufficient to state probable cause for the issuance of the warrant of arrest.

Hearing Tr. at 22.

Counsel for the Dowdys nevertheless specifically argued as to only one of the properties at issue, 6436 Agnes; she stated that she did not contest probable cause as to the other two properties. Hearing Tr. at 7.

We find that the Dowdys explicitly waived objection to the nature of the hearing provided. They were invited to argue regarding the scope of the hearing, and declined to do so. They were invited to argue defenses and

to offer legal argument why probable cause was not shown, and did so only as to one property. In an ex parte proceeding, as in *Chicago Heights*, the claimants have no opportunity to object to the nature of the proceeding or to argue the merits before seizure. The Dowdys were offered ample opportunity to do both, and declined to exercise this right.[3] The magistrate judge thus did not have the opportunity to consider arguments for a hearing broader in scope, and to rule on them. Because notice and hearing were provided, and objection to the nature of the hearing was explicitly waived below, we find that review of the adequacy of the hearing provided is waived.

### C. Right to Counsel, Excessive Fines, Double Jeopardy

■ The Dowdys argue that there is a Sixth Amendment right to counsel at preseizure hearings, and that the forfeiture of the properties violated the Eighth Amendment prohibition of excessive fines. Gilbert Dowdy further argues that the forfeiture of the properties subjects him to double jeopardy, as prohibited by the Fifth Amendment. None of these claims were raised below, and are thus waived. *See RR 2*, 959 F.2d at 103.

### III. CONCLUSION

For the above reasons, we affirm the district court's order striking the notices of claims and the final judgment of forfeiture.

BEAM, Circuit Judge, concurring specially.

I concur in the opinion of the court because we have, indeed, "repeatedly" required strict compliance with Admiralty Rule C(6)

---

2. In *Good,* the Supreme Court decided that a preseizure "adversary hearing" is required by the due process clause. An adversary hearing requirement does not necessarily imply that a full-blown evidentiary hearing is required. "Due process ... does not mandate a full evidentiary hearing in every situation ... the hearing must be appropriate to the nature of the case." *Littlefield v. City of Afton,* 785 F.2d 596, 603 (8th Cir.1986) (internal citations omitted). Particularly in the case of predeprivation hearings when full postdeprivation process is provided, a full-blown evidentiary hearing is frequently not required. *See, e.g., Cleveland Bd. of Educ. v. Laud-*

*ermill,* 470 U.S. 532, 542, 105 S.Ct. 1487, 1493, 84 L.Ed.2d 494 (1985); *Winegar v. Des Moines Indep. Community Sch. Dist.,* 20 F.3d 895, 901 (8th Cir.1994), *cert. denied,* — U.S. ——, 115 S.Ct. 426, 130 L.Ed.2d 340 (1994); *and Gentry v. City of Lee's Summit, Mo.,* 10 F.3d 1340, 1345 (8th Cir.1993). We need not reach the question of the nature of the hearing required by *Good* today, and decline to do so.

3. The Dowdys raise no claim of ineffective assistance of counsel.

and this panel is bound by these decisions. In my view, however, this approach is wrong and should be changed.

Rule C(6) generally comes into play when a stranger to the underlying drug transaction or, as here, a party acquitted on all counts is suddenly faced with an in rem proceeding for forfeiture of property. It is unfair to require that a citizen, in order to assert a claim, either hire a lawyer experienced in the intricacies of maritime and forfeiture law or risk suffering summary forfeiture of property. This is contrary to our approach to federal court pleadings in other situations.

A prisoner claiming theft of a hobby kit has his pleadings liberally construed, *see Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), but, in this circuit, an unincarcerated citizen must cleanly jump every hurdle erected by Rule C(6) or risk loss of his or her home or other property. This approach furthers no apparent public policy given the immense statutory powers afforded the government in forfeiture matters.

Some circuits have adopted a less rigorous approach to the pleading requirements of Rule C(6). *See United States v. $38,000 in U.S. Currency*, 816 F.2d 1538 (11th Cir.1987) (late filing excused under certain circumstances); *United States v. 4492 S. Livonia Rd.*, 889 F.2d 1258, 1262 (2d Cir.1989) (when claimant has made a sufficient showing of interest in the property, technical noncompliance with rule may be excused). I would follow the lead of these courts and relax the pleading requirements of Rule C(6), at least when a property owner appears pro-se.