```
                        --------------
                         No. 95-4245EM
                        --------------
```

Daniel J. Klueg,                         *

                              *

       Appellant,                *     On Appeal from the United

                              *      States District Court

    v.                          *      for the Eastern District

                              *      of Missouri

Michael Groose,                  *

                              *

       Appellee.               *

                              *

                              *

```
                        --------------

                Submitted: November 19, 1996

                 Filed:  February 6, 1997

                        --------------
```

Before RICHARD S. ARNOLD, Chief Judge, MAGILL, Circuit Judge, and
LONGSTAFF,* District Judge.

```
                        --------------
```

RONALD E. LONGSTAFF, District Judge.

    On August 6, 1987, Appellant Daniel J. Klueg was convicted by jury in the Circuit Court of St. Louis County, Missouri on two charges of burglary in the second degree and two charges of felony stealing.  He was sentenced as a repeat offender to 45 years imprisonment.  The Missouri Court of Appeals affirmed Klueg's conviction on direct appeal.  <u>State v. Klueg</u>, 781 S.W.2d 133 (Mo. Ct. App. 1989).

    Klueg subsequently filed a petition for writ of habeas corpus in federal district court.  Klueg's amended petition raised two constitutional challenges to his state court conviction: ineffective assistance of counsel and involuntariness of his

confession. On March 15, 1995, a magistrate judge[1] issued a report and recommendation that the petition be denied. Specifically, the magistrate judge found Klueg had procedurally defaulted on his ineffective assistance of counsel claim, and concluded Klueg's confession was voluntary. The district judge[2] adopted the magistrate judge's report and recommendation.

In the present appeal, Klueg focuses his argument on one central issue: whether his confession was involuntary and should have been suppressed from evidence. We affirm the decision of the district court.

I.

On December 15, 1986, the St. Louis Police Department learned through a confidential informant that Klueg possessed certain stolen property, including a video cassette recorder ("VCR"). The police gave the informant currency that had been photocopied to make a controlled buy of the stolen VCR, and followed the informant to Klueg's residence. The informant and Klueg then drove to another location, where police observed Klueg putting on gloves and retrieving a VCR from a storage shed.

At this point, Klueg and the informant drove to the residence of Klueg's girl friend. The informant left the residence with the VCR in his trunk, and drove to the police station. Officers took possession of the VCR, and returned to the girl friend's residence.

Police knocked on the front door, and were greeted by Klueg's 16 year-old girl friend, wearing only a negligee. She told the officers that Klueg was in the basement. Although the officers did

---

* The Honorable Ronald E. Longstaff, United States District Judge for the Southern District of Iowa, sitting by designation.

[1] The Honorable David D. Noce, United States Magistrate Judge for the Eastern District of Missouri.

[2] The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

not have a warrant, the girl friend agreed to allow the officers to enter the house and speak with Klueg. Officers found Klueg in the basement, lying nude in his girl friend's bed. He was then placed under arrest, and a search of his pants pocket revealed the $150.00 given to the informant by the police.

The police subsequently obtained the girl friend's verbal and written consent to search the premises, and uncovered property believed to be stolen from two different residences. Klueg was taken to the police station for interrogation, and informed of his Miranda rights. He then signed a Waiver of Rights Form.

Initially, Klueg denied knowledge of or participation in any burglaries. The interrogating officer, Timothy Hagerty, showed Klueg all of the property seized from the girl friend's residence, and told Klueg he might also be facing a statutory rape charge, due to the fact he was found naked in the home of a fifteen year old girl, clad only in a negligee. Klueg then completed a written confession, which was admitted into evidence at trial.

## II.

Klueg first contends the district court failed to apply the appropriate legal standard in evaluating the voluntariness of his confession. We disagree.

Under federal habeas law, a reviewing court must evaluate de novo the ultimate determination as to whether a confession was voluntary, giving substantial deference to the state court's finding of facts. Williams v. Clarke, 40 F.3d 1529, 1543 (8th Cir. 1994) (citing Miller v. Fenton, 474 U.S. 104, 117 (1985)). The legal test for evaluating whether a confession was coerced is "'whether, in light of the totality of the circumstances, pressures exerted upon the suspect have overborne his will.'" United States v. Jones, 23 F.3d 1307, 1313 (8th Cir. 1994) (quoting United States v. Jorgensen, 871 F.2d 725, 729 (8th Cir. 1989)).

In the present case, the district court gave appropriate deference to the Missouri appellate court's depiction of the factual events surrounding Klueg's interrogation. It then

3

correctly noted that the voluntariness of a confession was a legal issue, and conducted an independent review before reaching its conclusion.  See Klueg v. Groose, No. 4:92 CV 754 CEJ, slip op. at 3-4 (E.D. Mo. Mar. 15, 1995).

We further agree with the district court's conclusion that, in light of the totality of the circumstances, Klueg's claim of a coerced confession is without merit.  It was not unlawful for Detective Hagerty to inform Klueg he could be charged as a result of having sexual intercourse with a 16 year-old girl.[3]  United States v. Jorgensen, 871 F.2d 725, 730 (8th Cir. 1989) (creating fear of imminent arrest did not render confession involuntary);
Under Missouri law in effect at the time, it would have been possible to charge Klueg with second degree sexual assault if he indeed had sexual intercourse with a 16 year-old, regardless of whether she had given her consent.[4]  Although describing the charge as "statutory rape" might have been misleading, we find that the prospect of being charged with one more crime was not sufficient to induce a confession.  Klueg had five previous felony convictions at the time of his interrogation, and was well acquainted with the criminal justice system.  See United States v. Jones, 23 F.3d 1307, 1313 (8th Cir. 1994); United States v. Barahona, 990 F.2d 412, 418 (8th Cir. 1993) ("totality of circumstances" may include such

---

[3] In actuality, the detective told Klueg he could be charged for raping a 15 year-old girl, even though Klueg's girl friend was 16 years-old at the time.  State v. Klueg, 781 S.W.2d at 135.  It is not clear why the detective made this error, but we do not find it to be constitutionally significant.

[4] In 1986, Missouri Revised Statute § 566.050 provided in part:

1.  A person commits the crime of sexual assault in the second degree if, being seventeen years old or more, he has sexual intercourse with another person to whom he is not married who is sixteen years old.

Mo. Rev. Stat. § 566.050 (1986) (repealed 1995).

It is undisputed Klueg was 22 years-old on the day of his arrest.

4

factors as defendant's prior experience with criminal proceedings). In light of the totality of the circumstances, we find no evidence that "'pressures exerted upon the suspect [had] overborne his will.'" <u>United States v. Jones</u>, 23 F.3d at 1313 (<u>quoting</u> <u>United States v. Jorgensen</u>, 871 F.2d at 729.

Klueg also claims the district court erred in failing to give him an evidentiary hearing on the issue of voluntariness. Again, we disagree. Klueg argues the record is inadequate due to the fact Sergeant Michael Panneri, who allegedly was present during Klueg's confession, failed to testify. Klueg claims Sergeant Panneri's testimony is necessary to develop the record regarding alleged statements made by Detective Hagerty during the interrogation.

We have previously held that when a petitioner claims the facts have been inadequately developed in the state court, a petitioner is not entitled to an evidentiary hearing unless "'he can show cause for his failure to develop the facts in state-court proceedings and actual prejudice resulting from that failure.'" <u>Stewart v. Nix</u>, 31 F.3d 741, 743 (8th Cir. 1994) (<u>quoting</u> <u>Keeney v. Tamayo-Reyes</u>, 504 U.S. 1, 11, (1992)). As noted in the respondent-appellee's brief, Klueg has provided no justification for his own failure to present Sergeant Panneri's testimony during state court pre- or post-conviction proceedings. Even assuming he could establish cause, Klueg has failed to establish actual prejudice from Panneri's failure to testify. With or without admission of Klueg's confession, there is ample evidence in the record to support Klueg's conviction. <u>See</u> <u>e.g.</u> <u>Parkus v. Delo</u>, 33 F.3d 933, 938-940 (8th Cir. 1994) (actual prejudice shown if petitioner can show "reasonable probability" that but for the errors, result of proceeding would have been different).

Klueg's remaining arguments are without merit.

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.