UNITED STATES of America, Appellee,

v.

**Hugh N. MANNING, Appellant.**

No. 80–1007.

United States Court of Appeals,
Eighth Circuit.

Submitted April 14, 1980.

Decided April 21, 1980.

---

Edward V. Ward, St. Louis, Mo., filed brief for appellant.

Robert D. Kingsland, U.S. Atty., and Larry D. Hale, St. Louis, Mo., filed brief for appellee.

Before BRIGHT, STEPHENSON and McMILLIAN, Circuit Judges.

PER CURIAM.

Hugh Manning appeals his conviction for possession of a prohibited firearm which was not registered to him in the National Firearms Registration and Transfer Record as required by 26 U.S.C. § 5861(d). His sole contention on appeal is that the district court erred in instructing the jury on the element of possession. For the reasons discussed below, we reverse.

Manning was arrested during the early morning hours of September 7, 1979, by Sergeants Richard A. Miller and Charles Forister of the St. Louis Police Department, who were on routine patrol. The officers noticed a brown two-tone Cadillac containing three individuals, two in the front seat and one in the rear. The officers decided to investigate the car because of recent burglaries in the area and because they did not recognize the car as one normally parked at this location.

The officers stopped their marked patrol car beside the Cadillac and backed it to the rear of the Cadillac. A police spotlight was directed toward the Cadillac. Sergeant Miller, who was in the front passenger seat of the patrol car, got out and looked into the Cadillac. According to Sergeant Miller's testimony, the passenger in the front seat of the Cadillac bent a little forward and then to his right side. At this point Miller saw something which looked like a gun slide out of the passenger window. Miller walked to the side of the Cadillac and saw a shotgun lying in the gutter.

There was conflicting testimony at trial regarding the identity of the person responsible for this gun drop. The occupants of the car were identified as Manning, Jesse Taylor and Kenny Hamill. Sergeants Miller and Forister identified Taylor as the driver, placing Hamill in the back seat and Manning in the front passenger seat. Manning, however, testified that he was in the back seat of the car, that he never saw a gun in the car and that he had accepted a ride home from a party with the other two individuals only minutes before the police arrived. It was Manning's defense that he was merely a passenger in the auto and

that Hamill was responsible for the gun drop. Manning further testified that Hamill was dark-complected like himself and about the same height, giving rise to the implication that the arresting officers confused him with Hamill. Cross-examination of Sergeants Forister and Miller developed further evidence to support a case of mistaken identity, in that the police officers could not recall the clothing worn by any of the men. There was also conflicting testimony regarding which of the men had a beard.

No fingerprints were taken from the gun, according to Sergeant Miller, because the gun had been handled in the police search for a serial number and because Miller had observed Manning drop the weapon.

According to the officers, all three occupants of the Cadillac were initially arrested because it is not the responsibility of an arresting officer to decide whom to charge in a situation where no one claims ownership of an unregistered gun. The three men were released eleven hours after their arrest, but Manning was re-arrested three days later on a one-count indictment charging possession of an unregistered sawed-off shotgun, in violation of 26 U.S.C. § 5861(d).[1] The one-day jury trial of this matter in the Eastern District of Missouri resulted in a verdict of guilty, and on November 17, 1979, appellant was sentenced to eight years imprisonment.

The single issue on appeal is the allegation that the district court erred in refusing defendant's proposed instruction regarding possession of the gun. The instructions adopted by the district court included the government's possession instruction, which stated that conviction could be based on either actual or constructive possession:

The law recognizes two kinds of possession: actual possession and constructive possession.

A person who knowingly has direct physical control over a thing, at a given time, is then in actual possession of it.

A person who, although not in actual possession, knowingly has both the power and the intention, at a given time, to exercise dominion or control over a thing, either directly or through another person or persons, is then in constructive possession of it.

If you should find beyond a reasonable doubt, from the evidence in the case, that at the time and place of the alleged offense the defendant had actual or constructive possession of the shotgun described in the indictment, then you may find that such shotgun was in the possession of, within the meaning of the word "possession" as used in these instructions.

The district court refused Manning's possession instruction, which would have expressly precluded conviction for mere presence on the scene and association with illegal possessors:

Constructive possession requires that a person knowingly have the power or the intention at a given time to exercise dominion and control over an object either directly or through others.

Mere presence on the scene plus association with illegal possessors is not enough to support a conviction for illegal possession of an unregistered firearm unless you find beyond reasonable doubt that the defendant was a participant and not merely a knowing spectator.

■ Manning argues that, in refusing this instruction, the court ignored his defense that he was at the scene as an unwitting backseat passenger. He accurately notes that mere presence or proximity to an unregistered weapon is an insufficient basis for conviction, *United States v. Birmley*, 529 F.2d 103 (6th Cir. 1976); *United States v. Gates*, 491 F.2d 720 (7th Cir. 1974), and that a defendant in a criminal case is entitled to a "theory of defense" or a "position" instruction if he makes a timely request for

---

1. 26 U.S.C. § 5861(d) provides:
It shall be unlawful for any person . . . (d) to receive or possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record.

such an instruction, if the request is supported by evidence and if it sets out a correct declaration of law. *United States v. Brake,* 596 F.2d 337, 339 (8th Cir. 1979); *United States v. Hill,* 589 F.2d 1344 (8th Cir.), *cert. denied,* 442 U.S. 919, 99 S.Ct. 2843, 61 L.Ed.2d 287 (1979); *United States v. Rabbitt,* 583 F.2d 1014 (8th Cir. 1978), *cert. denied,* 439 U.S. 1116, 99 S.Ct. 1022, 59 L.Ed.2d 75 (1979); *United States v. Nance,* 502 F.2d 615 (8th Cir. 1974), *cert. denied,* 420 U.S. 926, 95 S.Ct. 1123, 43 L.Ed.2d 396 (1975). Here, Manning was entitled to an instruction submitting his theory of defense because he made a timely request for such an instruction, there was testimony to support the instruction and his requested instruction set forth an accurate declaration of the law.

█ We recognize that a defendant is not entitled to a particularly worded instruction where the instructions given by the trial judge adequately and correctly cover the substance of the requested instruction. *United States v. Brake, supra,* 596 F.2d at 339; *United States v. Brown,* 540 F.2d 364, 380 (8th Cir. 1976), *cert. denied,* 440 U.S. 910, 99 S.Ct. 1220, 59 L.Ed.2d 458 (1979). In the present case, however, the instructions given by the district court regarding constructive possession cannot be said to have covered the substance of Manning's "mere presence" defense. The court's instructions recommend conviction if the jury could find, beyond a reasonable doubt, that Manning was at the scene with direct or indirect control of the weapon. These instructions appear to give credence to the police officers' version of events, without acknowledging Manning's defense that he was merely a backseat passenger.

Accordingly, we reverse the judgment of conviction and remand to the district court for a new trial.