# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3368

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Eastern District of Missouri. |
| | * | |
| George H. Butler, Jr., | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: January 11, 2000
Filed: January 24, 2000

_____

Before BOWMAN and LOKEN, Circuit Judges, and ALSOP,[1] District Judge.

_____

PER CURIAM.

George H. Butler, Jr., appeals from his conviction after trial by jury on one count of conspiring to manufacture marijuana. For reversal, he asserts the District Court[2] committed clear error in two respects: (1) by limiting his cross-examination of

_____

[1]The Honorable DONALD D. ALSOP, United States District Judge for the District of Minnesota, sitting by designation.

[2]The Honorable RODNEY W. SIPPEL, United States District Judge for the Eastern District of Missouri.

prosecution witness Lyle Lovelace concerning Lovelace's mental illness, and (2) by refusing to give Butler's proffered "mere presence" instruction. We affirm.

As to the first point, the District Court allowed Butler to ask Lovelace general questions regarding his mental history. Lovelace acknowledged that he had admitted himself to a hospital in December 1997, and Butler was allowed to ask him whether this hospitalization had affected his memory in any way. Lovelace answered that it had not. We cannot say that the District Court clearly abused its discretion by limiting the cross-examination of Lovelace concerning his purported mental illness (depression) to the effect of the illness upon his ability to recall events. See United States v. Coon, 187 F.3d 888, 897 (8th Cir. 1999) (standard of review for limitation of cross-examination is clear abuse of discretion).

As to the second point, the substance of Butler's proposed "mere presence" instruction was submitted to the jury in instruction number 14. A defendant is "not entitled to a particularly worded instruction where the instructions given by the trial judge adequately and correctly cover the substance of the requested instruction." United States v. Akers, 987 F.2d 507, 513 (8th Cir. 1993) (quoting United States v. Manning, 618 F.2d 45, 48 (8th Cir. 1980)). Assuming for the sake of argument that Butler was entitled to a "mere presence" instruction, the instruction given by the District Court was a correct statement of the law and was entirely adequate. (The instruction submitted to the jury tracked Eighth Circuit Model Instruction 5.06B. See Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit, Instruction 5.06B, at 140 (1996).) The District Court did not abuse its discretion by refusing to give Butler's proffered instruction.

The judgment of the District Court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.