# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2198

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Ronald Claxton, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: November 13, 2001

Filed: January 10, 2002

_____

Before WOLLMAN, Chief Judge, BOWMAN, and STAHL,[1] Circuit Judges.

_____

WOLLMAN, Chief Judge.

The defendant, Ronald Claxton, appeals his convictions for possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) and for possession of an unregistered, sawed-off shotgun in violation of 26 U.S.C. § 5861. On appeal, Claxton contends that: (1) the admission of evidence regarding narcotics trafficking

_____

[1]The Honorable Norman H. Stahl, United States Circuit Judge for the First Circuit, sitting by designation.

was an abuse of discretion and (2) refusal of the proffered theory of defense instruction was in error. We affirm the judgment of the district court.[2]

## I.

On October 4, 2000, St. Louis police officers conducted surveillance of 3884 Park Street, St. Louis, Missouri, following a tip that narcotics were being sold at the residence and that guns were located inside. The officers observed five or six people approach a small window next to an air conditioning unit, reach in the window, and leave shortly after. A short time later, the officers returned to the apartment. Claxton answered the door and, upon seeing the officers, stated that he knew they were there because he had violated his parole. A search of the apartment led to the discovery of a .38 caliber revolver on a bed, along with approximately $1200 in cash and a small amount of narcotics. A sawed-off shotgun was found under the bed. In addition, the police also seized a small amount of marijuana, a VCR, and a bag of jewelry. Claxton told the police that he had traded drugs for those items.

At trial, the government presented evidence that Claxton initially told the officers that he lived in the apartment, that the revolver had been given to him by a relative, and that he had bought the shotgun "on the street" for his protection. The government also presented evidence regarding the alleged drug trafficking that had been taking place in the apartment. The defense argued that the statements regarding ownership of the guns had been recanted and presented witnesses who testified that Claxton was merely visiting the apartment, that the shotgun belonged to the resident, and that Claxton, in making his initial statements, had been attempting to protect the woman residing in the apartment.

---

[2]The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri.

Following the jury's verdict, Claxton moved for a new trial on the ground that the district court erred in refusing to give his proffered theory-of-defense instruction. The district court denied the motion and sentenced Claxton to 108 months' incarceration.

## II.

Claxton contends that the district court erred in admitting evidence regarding the drugs found in the apartment and evidence indicating drug trafficking. He argues that this evidence was inadmissible under Fed. R. Evid. 404(b)[3] because, under the balancing test of Fed. R. Evid. 403,[4] the danger of undue prejudice flowing from the evidence substantially outweighed its probative value.

We review decisions regarding the admissibility of evidence under an abuse of discretion standard. United States v. Fuller, 887 F.2d 144, 147 (8th Cir. 1989) (citing United States v. Marshall, 683 F.2d 1212, 1215 (8th Cir. 1982)). "In balancing the prejudicial effect and probative value, great deference is given to the district judge's determination . . . ." United States v. DeLuna, 763 F.2d 897, 913 (8th Cir. 1985). In addition, as we have previously noted, Fed. R. Evid. 404(b) is a rule

---

[3]Fed. R. Evid. 404(b) states:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. . . .

[4]Fed. R. Evid. 403 states in relevant part:

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. . . ."

"of inclusion rather than exclusion and admits evidence of other crimes or acts relevant to any issue in the trial, unless it tends to prove only criminal disposition." Id. at 912 (internal quotations omitted).

We conclude that the district court did not abuse its discretion in admitting the evidence regarding the drugs found in the apartment. There is a "close and well-known connection between firearms and drugs." Fuller, 887 F.2d at 147. "Firearms are known 'tools of the trade' of narcotics dealing because of the dangers inherent in that line of work." Id. (quoting United States v. Simon, 767 F.2d 524, 527 (8th Cir. 1985)). The drug evidence was properly admitted for the purpose of showing Claxton's motive for possessing the guns and was relevant to the issue of the ownership of the guns. Claxton initially admitted to ownership of the guns, his possession of the guns for self-protection, and his involvement with the sale of drugs and the trading of drugs for other goods found in the apartment. He later recanted all of these statements. The testimony concerning the drug-related activities at the apartment and Claxton's involvement with those activities served to counter Claxton's subsequent assertion that he was present at the apartment only as a visitor and that his initial statement that he possessed the weapons was made only to protect the woman who lived in the apartment.

## III.

Claxton also contends that the district court erred in refusing to give the following instruction:

> It is the position of defendant, Ronald Claxton, that he did not possess the firearms alleged in the indictment and that he was merely present at the residence and had no control over the firearms.

If you do not find beyond a reasonable doubt that the defendant possessed the firearms alleged in the indictment, then you should find the defendant not guilty.

The district court refused to give this instruction, finding that it was argumentative. The instructions given by the court included the following:

Instruction No. 15B: If you do not find beyond a reasonable doubt that defendant possessed the firearms alleged in the indictment, then you should find the defendant not guilty on Count I.

Instruction No. 16B: If you do not find beyond a reasonable doubt that defendant possessed the sawed-off shotgun as alleged in Count II of the indictment, then you should find the defendant not guilty on Count II.

Claxton argues that because his proffered instruction was timely submitted, contained a correct statement of the law, and was supported by the evidence, he was entitled to have it submitted to support his theory of defense. United States v. Hester, 140 F.3d 753, 757 (8th Cir. 1998).

Although a defendant is entitled to a theory of defense instruction if it is timely requested, is supported by the evidence, and is a correct statement of the law, he is not entitled to a particularly worded instruction. United States v. Lucht, 18 F.3d 541, 553 (8th Cir. 1994) (citing United States v. Long, 977 F.2d 1264, 1272 (8th Cir. 1992)). The district court has considerable discretion in framing the instructions and "[i]t is sufficient if the instruction actually given by the trial court adequately and correctly covers the substance of the requested instruction." United States v. Rederth, 872 F.2d 255, 258 (8th Cir. 1989) (quoting United States v. Richmond, 700 F.2d 1183, 1195-96 (8th Cir. 1983)). We determine the adequacy of instructions by looking at the instructions as a whole and in the context of the trial. Id.

Claxton argues that the facts of his case are indistinguishable from those in United States v. Manning, 618 F.2d 45 (8th Cir. 1980). We disagree. In Manning, as here, the defense argued that the defendant was merely present in the same location as the guns but had no possession of the guns. Id. at 46-47. In contrast to Claxton's situation, in which he was found in the presence of the weapons and admitted living in the apartment and to owning the weapons that were found there, Manning was a passenger in an automobile from the right front window of which a shotgun was disposed of as a police officer approached. Manning's defense was that he was a passenger in the back seat, that he had never seen the gun in the car, and that he had accepted a ride from the other two occupants only minutes before the police arrived. Accordingly, we believe that Claxton's situation is more akin to that of the defendant in United States v. Jordan, 893 F.2d 182 (8th Cir. 1990), vacated on other grounds, 496 U.S. 902 (1990), in which we distinguished Manning on the ground that it was clear from the evidence that Jordan had placed a revolver in the driver's purse as the police officers approached. Id. at 185-86. Thus, although the district court might well have given the mere-presence portion of the requested instruction, we conclude that its refusal to do so did not abuse the broad discretion accorded to it in framing the instructions given.

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-6-