# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 06-1823

———————

United States of America,

        Appellee,

v.

Cesar Raul Jara, also known as
Jose Luis Jara,

        Appellant.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the Western
\*   District of Missouri.
\*
\*
\*
\*

———————

Submitted: November 14, 2006
Filed: February 1, 2007

———————

Before RILEY, BEAM, and SMITH, Circuit Judges.

———————

BEAM, Circuit Judge.

Following a jury trial, Cesar Raul Jara was convicted of one count of possession with intent to distribute 1,000 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 851. Jara appeals, alleging insufficiency of the evidence. He also contends that the district court[1] erred by refusing to instruct the jury on mere presence, admitting evidence of prior cooperation with law enforcement,

———————

[1]The Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri.

and judicially finding that Jara had a previous conviction for sentencing purposes. Finding no error, we affirm.

## I.    BACKGROUND

On February 10, 2004, Officers Brooks and Talbert, commercial vehicle officers with the Missouri State Highway Patrol, were sitting in a vehicle off Interstate 44, watching traffic, when Brooks noticed a truck drive by with no front license plate and an unfamiliar trucking company name on its side. Brooks stopped the vehicle and the driver handed him a driver's license and medical certificate with the name Jose Luis Jara.

When Brooks inquired, Jara said he had met a man named Mr. Miranda two days earlier at a truck terminal in El Paso. The following day, Mr. Miranda picked up Jara in downtown El Paso, took him to dinner at a truck stop, gave him $1,000.00 cash for expenses, and handed him the keys to the truck and trailer. Jara told Brooks that he thought that he was driving with an empty trailer, which Brooks thought was odd, since most drivers know the contents of their load and few trucks travel empty. When asked where he was going, Jara told Brooks that he was traveling to Jewel, in Illinois, to pick up a load of rejected candy. Brooks also thought it odd that Mr. Miranda reportedly did not conduct a driving test or an inquiry into Jara's work history, both of which are standard practices for trucking companies.

Brooks contacted Corporal Donnell of the Missouri State Highway Patrol. Donnell opened the trailer and noticed metal shavings on the floor. The outside corner of the trailer was dented inward significantly, but no corresponding damage was evident inside the trailer. Donnell also measured the interior and exterior of the trailer and found a two-foot discrepancy in their lengths. In addition, a canine handler and canine arrived, and the canine immediately alerted to the presence of an illegal substance in the front of the trailer. The boards at the front of the trailer were hiding

a false compartment, which contained 394 bundles of marijuana, weighing over 3,000 pounds, which could be smelled even though wrapped in plastic. Donnell later asked Jara about the marijuana, and Jara expressed surprise at the amount of marijuana present, saying he thought there was only one hundred pounds.

Sergeant Banasik, of the Missouri State Highway Patrol, interviewed Jara as part of his assignment to the federal Drug Enforcement Administration (DEA). Jara's amended account–that he was en route to an unspecified location in Chicago and was expected to use a Nextel walkie-talkie to establish the exact location of delivery–seemed consistent with drug deliveries. Jara also told Banasik that Mr. Miranda had wanted to know if Jara had a problem delivering marijuana and had said there was one hundred pounds of marijuana in the trailer.

Jara agreed to assist with a controlled delivery. Jara indicated that Mr. Miranda had already contacted him once, while Jara was in Oklahoma City, to ask if Jara had been stopped by police, which Banasik thought indicative of Mr. Miranda tracking Jara's progress. Toward the end of the interview, the Nextel walkie-talkie activated but the call failed. Jara called Mr. Miranda and Mr. Miranda asked Jara his location and Jara once more reported that he had not been stopped by the police. Jara was taken to Chicago, where he again admitted to DEA Agent Mokhoff that he thought he had marijuana in the trailer. The next day, officers determined that Jara had falsely identified himself, because the fingerprints submitted belonged to Cesar Jara, not Jose Luis Jara. Jara explanation was that since his license had been suspended in 2000, he was carrying his brother's driver license, which depicted a person easily mistaken for Jara. With Jara correctly identified, the officers determined that Jara had acted in cooperation with law enforcement previously. The officers ultimately decided not to pursue the controlled delivery, in part because the officers were unsure of Jara's trustworthiness.

Jara was tried before a jury and found guilty of possession with intent to distribute 1,000 kilograms or more of a mixture or substance containing a detectable amount of marijuana. The district court sentenced him to 240 months' imprisonment. Jara appeals his conviction and sentence.

## II.    DISCUSSION

### A.    Sufficiency of the Evidence

We employ a very strict standard in reviewing the sufficiency of the evidence on appeal. We view the evidence in the light most favorable to the government, resolving evidentiary conflicts in favor of the government, accepting all reasonable inferences drawn from the evidence that support the jury's verdict, and reversing only if no reasonable jury could have found the accused guilty. United States v. Sanders, 341 F.3d 809, 815 (8th Cir. 2003).

"In order to establish a violation of 21 U.S.C. § 841(a)(1), the government had to prove beyond a reasonable doubt that [Jara] knowingly possessed and intended to distribute the marijuana found in the tractor trailer." United States v. Sanchez, 252 F.3d 968, 972 (8th Cir. 2001). Jara argues that the government did not produce sufficient evidence that he knew that the marijuana was present in the trailer, asserting that his inculpatory statements stand alone and were insufficient to convict him of possession.

Though Jara urges us to apply United States v. Crenshaw, 359 F.3d 977 (8th Cir. 2004), Crenshaw recognized only that uncorroborated, unsworn confessions may not be admissible through accomplice testimony, id. at 990. Jara did not contest the admissibility of the inculpatory statements at trial or on appeal. Indeed, Jara's multiple admissions that he knew about the marijuana were introduced through law enforcement officers', not accomplices', testimony. And, Jara's admission to

knowledge of a smaller amount of marijuana than was actually present is consistent with a pattern known to law enforcement of suspects attempting to minimize their involvement.

Jara's knowledge of the marijuana is corroborated by Jara having sole control over the vehicle, the physical characteristics of the truck, and the jury's rejection of Jara's explanation of the trip. The physical characteristics of the truck belie his assertion of lack of knowledge. The marijuana could be smelled even through its plastic wrapping. There were metal shavings in the trailer. The inside of the trailer did not correspond with a dent visible from the outside of the trailer, indicating the presence of a false compartment. In addition, the inside of the trailer was two feet shorter than the overall trailer length. Finally, the jury found Jara's explanation of his trip incredible, including his claims that he received a truck, $1,000.00 and a walkie-talkie from a man he only met once and that he was on a supremely unprofitable trip, driving an empty truck to pick up a rejected load of candy. The physical evidence and Jara's admissions are sufficient to sustain a reasonable jury's finding that Jara possessed the marijuana found in the trailer.

## B. Jury Instructions

Jara asserts that the district court erred by refusing to instruct the jury on mere presence.

> A criminal defendant is entitled to a theory-of-defense instruction that is timely requested, correctly states the law, and is supported by the evidence. "The district court has considerable discretion in framing the instructions and it is sufficient if the instruction actually given by the trial court adequately and correctly covers the substance of the requested instruction. We determine the adequacy of instructions by looking at the instructions as a whole and in the context of the trial."

United States v. Serrano-Lopez, 366 F.3d 628, 636-37 (8th Cir. 2004) (citation omitted) (quoting United States v. Claxton, 276 F.3d 420, 423-24 (8th Cir. 2002)).

In Serrano-Lopez, a conspiracy case in which a mere-presence instruction was requested, the theory of defense, as here, was that the government had failed to prove knowledge. 366 F.3d at 637. We determined that "the giving of the mere-presence instruction in this case would have duplicated the instructions outlining the elements of the offense, the definition of possession, and the burden of proof." Id. Since the jury in Jara's trial was, likewise, properly instructed on the elements of the offense, the definition of possession, and the burden of proof, the district court did not abuse its discretion in refusing to give the requested mere-presence instruction.

## C.    404(b) Evidence

We review the admission of evidence for an abuse of discretion. Even if the admission is in error, we do not reverse if the error was harmless. United States v. Walker, 393 F.3d 842, 848 (8th Cir.), cert. denied, 126 S. Ct. 463 (2005). Federal Rule of Evidence 404(b) allows the admission of evidence to show knowledge, if the evidence is "(1) relevant to a material issue; (2) proved by a preponderance of the evidence; (3) higher in probative value than in prejudicial effect; and (4) similar in kind and close in time to the crime charged." United States v. Vieth, 397 F.3d 615, 617-18 (8th Cir.), cert. denied, 545 U.S. 1110 (2005) (quotation omitted).

Jara contends that the district court erred in admitting evidence about his previous informant activities. At trial, Mokhoff testified that Jara was involved in making a controlled delivery of marijuana from El Paso to Chicago which involved Omar Gardusco, in 1997. Mokhoff testified that Gardusco had recently been involved in selling the trailer to Mr. Miranda, which tended to link Jara to Mr. Miranda prior to the instant trip. Mokhoff explained that Jara had likely given a false identity in this instance because he would not have been used in the present controlled delivery if law

enforcement agents knew that he had previously worked as a cooperating source. Since Jara had put the element of knowledge at issue, the testimony about his previous cooperation was relevant to prove that Jara knew that he was transporting marijuana. Accordingly, the district court did not abuse its discretion.

### D.    Sentencing

As Jara concedes that this panel cannot rule that judicial fact-finding of the existence of a predicate conviction for statutory enhancement of his sentence is unconstitutional, see United States v. Booker, 543 U.S. 220, 244 (2005), we reject the argument, but acknowledge that this issue has been preserved.

## III.    CONCLUSION

Having carefully reviewed the record and the briefs, we find no error and accordingly affirm the district court.

_____