# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3111

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Western |
| | * | District of Missouri. |
| Ricky Wayne Meads, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: January 10, 2007
Filed: March 14, 2007

_____

Before WOLLMAN, BEAM, and MELLOY, Circuit Judges.

_____

MELLOY, Circuit Judge.

Ricky Wayne Meads was charged with possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1). A jury found Meads guilty, and the district court[1] sentenced Meads to 252 months of imprisonment. On appeal, Meads challenges the district court's denial of his request to submit a "mere presence" instruction to the jury. We affirm.

_____

[1] The Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri.

I.    Background

Meads was tried before a jury in May 2006.  The government called multiple witnesses who testified to Meads's possession and use of a firearm.

Jamie Garza, Meads's brother-in-law, testified that on November 21, 2005, he, Meads, and Donald Pratt went hunting.  He testified Meads possessed a rifle and shot a deer with that rifle while the three men were riding in Pratt's car.  Garza identified the rifle possessed and used by Meads.

Meads utilized a number of methods to impeach Garza.  Through cross examination Meads implied Garza had an incentive to lie because of a cooperation agreement with the government, through which Garza hoped to receive a lesser sentence on his own federal firearm charge.  Meads brought out existing animosity between Meads and Garza, and highlighted Garza's prior convictions and other alleged criminal conduct.  Meads also cross examined Garza regarding Garza's use of illegal drugs.

Pratt testified, as well.  Pratt also testified Meads shot a deer from the car on November 21.  Like Garza, Pratt identified the rifle possessed and used by Meads.  Meads also attempted to impeach Pratt.  Meads brought out on cross examination Pratt's outstanding warrants arising from the events on November 21, and the fact that Pratt had left the jurisdiction without appearing at the state court hearings arising from the events on November 21.  Meads highlighted Pratt's prior arrests and use of illegal drugs.

Jade Greer also testified.  Greer testified that on the morning of November 21, he heard a high-powered rifle shot and then saw a car drive past his father's home.  Greer and his father, who also testified at the trial, believed a deer might have been shot from the car, so Greer went to see if he could find the deer.  Greer then

encountered Meads and Garza with a dead deer. Greer testified Meads stated the deer belonged to him and that he shot the deer.

During the course of the trial, Meads requested the district court include a "mere presence" instruction in the final instructions to the jury. Meads proposed the following:

> The mere presence of Ricky Wayne Meads at a location where the gun was used or found is not sufficient to establish beyond a reasonable doubt that Mr. Meads knowingly possessed the gun as charged in the indictment.

The court rejected the proposed instruction, noting "there's not a sufficient foundation to establish mere presence."

The final instructions included an instruction outlining the elements of the crime of possessing a firearm as a felon. This instruction stated that the government must prove beyond a reasonable doubt that the defendant "knowingly possessed a firearm." The term "possession" was defined at length in the instructions:

> The law recognizes several kinds of possession. A person may have actual possession or constructive possession. A person may have sole or joint possession.
> A person who knowingly has direct physical control over a thing, at a given time, is then in actual possession of it.
> A person who, although not in actual possession, has both the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons, is then in constructive possession of it.
> If one person alone has actual or constructive possession of a thing, possession is sole. If two or more persons share actual or constructive possession of a thing, possession is joint.

Whenever the word "possession" has been used in these instructions it includes actual as well as constructive possession and also sole as well as joint possession.

Meads did not object to this definition of possession. The instructions also addressed factors the jurors may weigh in considering witness testimony, as well as a specific instruction covering Garza's cooperation with the government and the potential for him to receive a more lenient sentence based upon his cooperation.

The jury found Meads guilty. Meads was sentenced to 252 months' imprisonment, and this appeal followed.

II.    Discussion

We review the rejection of a defendant's proposed instruction for abuse of discretion.[2] United States v. Gladney, 474 F.3d 1027, 1032 (8th Cir. 2007). A defendant is entitled to a theory of defense instruction that is timely requested, supported by the evidence, and correctly states the law. United States v. Claxton, 276 F.3d 420, 423 (8th Cir. 2002). However, a defendant "is not entitled to a particularly worded instruction." Id. "The district court has broad discretion in formulating the jury instructions." United States v. Johnson, 278 F.3d 749, 751 (8th Cir. 2002). There is no abuse of discretion in denying a defendant's requested instruction "if the instruction[s] actually given by the trial court adequately and correctly cover[] the

_____

[2] Meads suggests this court should apply de novo review. While "[w]e review *de novo* a district court's decision whether there is sufficient evidence to submit an affirmative defense to a jury," United States v. Hudson, 414 F.3d 931, 933 (8th Cir. 2005), "mere presence" is not an affirmative defense, but rather a theory of defense, and de novo review is inappropriate. See, e.g., United States v. Jara, 474 F.3d 1018, 1022 (8th Cir. 2007) (applying abuse of discretion standard of review to denial of a defendant's requested mere presence instruction); United States v. Serrano-Lopez, 366 F.3d 628, 636-37 (8th Cir. 2004) (same).

substance of the requested instruction." <u>Serrano-Lopez</u>, 366 F.3d at 637. "We review the instructions given as a whole and affirm if they fairly and adequately submitted the issues to the jury." <u>Johnson</u>, 278 F.3d at 752.

Meads timely requested the mere presence instruction, which correctly stated the law. However, the evidence at trial did not support the instruction and therefore the district court's rejection of the instruction was not an abuse of discretion. <u>See, e.g.</u>, <u>United States v. Ellerman</u>, 411 F.3d 941, 946 (8th Cir. 2005) (finding no abuse of discretion in declining to give a multiple conspiracy instruction when no reasonable jury could have concluded that multiple conspiracies existed). The evidence presented indicated Meads *actually* possessed, and in fact used, the charged firearm. Both Garza and Pratt testified to Meads's use of the rifle to shoot a deer on November 21, 2005. Further, Greer testified that Meads claimed the deer and stated he shot the deer, corroborating the testimony of Garza and Pratt. There was no conflicting evidence. <u>Cf.</u> <u>United States v. Manning</u>, 618 F.2d 45, 47-48 (8th Cir. 1980) (per curiam) (reversing a conviction based upon a failure to give a mere presence instruction where there was conflicting testimony regarding the defendant's role and the possession instruction was deemed insufficient to preclude conviction for mere presence of the defendant). And, while the instructions included a definition of constructive possession, the government did not argue, even in the alternative, that Meads could or should be found guilty based upon a constructive possession theory.

Meads argues, in essence, that through impeaching the witnesses against him, he established evidence sufficient to warrant a mere presence instruction. We find no support for this proposition. Credibility is always an issue for the jury to determine. <u>See, e.g.</u>, <u>United States v. Osuna-Zepeda</u>, 416 F.3d 838, 842 (8th Cir. 2005) ("[The witness's] credibility was an issue for the jury to decide."). The jurors were properly instructed on factors they may weigh when considering a witness's testimony. A mere presence instruction was not needed for Meads to argue the jury should reject the portion of Garza and Pratt's testimony that tended to prove Meads possessed the

firearm.  See, e.g., United States v. Oslund, 453 F.3d 1048, 1059-60 (8th Cir. 2006) (noting that the defense can argue about a witness's reliability when the jury is instructed on factors to consider when weighing the testimony).

Even if one were to conclude the evidence supported a mere presence instruction, it still was not an abuse of discretion for the district court to reject the requested instruction.  In Serrano-Lopez, this court held that a mere presence instruction was unnecessary because it "would have duplicated the instructions outlining the elements of the offense, the definition of possession, and the burden of proof."  366 F.3d at 637.  Like in Serrano-Lopez, the instructions in Meads's trial clearly indicated the government had to prove possession beyond a reasonable doubt in order for the jury to find Meads guilty, and the instructions correctly defined possession.  Because the instructions "adequately and correctly cover[ed] the substance of the requested instruction," the district court did not abuse its discretion in declining to give a specific mere presence instruction.  Id.

III.    Conclusion

For the reasons stated herein, the judgment is affirmed.

_____