# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2811

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Marvin Ford, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |
| | * | |

_____

Submitted:  April 9, 2007
Filed:  September 21, 2007

_____

Before WOLLMAN, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

A jury convicted Marvin Ford of possession with intent to distribute more than five grams of cocaine base, in violation of 21 U.S.C. § 841. Ford appeals the conviction, and we affirm.

## I.

On April 22, 2005, St. Louis police executed a search warrant at Ford's home. To enhance the security of the raid, police enticed Ford to leave the apartment by

pretending that an undercover police vehicle had crashed into Ford's parked car. When Ford came out of the house to discuss the apparent accident, he left a marijuana cigarette behind his ear. An officer arrested Ford for possession of marijuana, and a search incident to the arrest revealed a small amount of crack cocaine on his person.

The officers proceeded into the house to execute the search warrant. They found a box of sandwich bags, a scale, and numerous sandwich bags wrapped in duct tape. One bag in Ford's bedroom, wrapped in duct tape and aluminum foil, contained 8.45 grams of cocaine base.

At trial, the district court[1] admitted evidence of a prior conviction that Ford sustained for possession with intent to distribute cocaine base. The jury ultimately convicted Ford of possession with intent to distribute more than five grams of cocaine base. On appeal, Ford challenges the district court's decision to admit the prior conviction. He also contends that there was insufficient evidence to support the verdict.

II.

We review the admissibility of evidence of prior crimes for abuse of discretion. *United States v. Voegtlin*, 437 F.3d 741, 745 (8th Cir. 2006). Evidence of prior bad acts is not admissible merely to show a defendant's propensity for unlawful behavior, but such evidence may be received for the limited purpose of showing knowledge or intent, or for other purposes enumerated in Federal Rule of Evidence 404(b). A prior conviction for possession with intent to distribute drugs "is admissible to show such things as knowledge and intent of a defendant charged with a crime in which intent

_____

[1]The Honorable Charles A. Shaw, United States District Judge for the Eastern District of Missouri.

to distribute drugs is an element." *United States v. Logan*, 121 F.3d 1172, 1178 (8th Cir. 1997).

At trial, the government was required to prove beyond a reasonable doubt that Ford knowingly possessed cocaine base and intended to distribute it. *United States v. Jara*, 474 F.3d 1018, 1021 (8th Cir. 2007). Ford's prior conviction was relevant to show that Ford knew the substance he possessed was cocaine base, and that Ford intended to distribute the substance. *See United States v. Bryson*, 110 F.3d 575, 583 (8th Cir. 1997). We have held repeatedly that such convictions are properly admitted to prove knowledge and intent. *See United States v. Jackson*, 278 F.3d 769, 771 (8th Cir. 2002); *United States v. Johnson*, 318 F.3d 821, 823 (8th Cir. 2003); *United States v. Foster*, 344 F.3d 799, 801 (8th Cir. 2003). Thus, the district court did not abuse its discretion in admitting evidence of Ford's prior conviction for possession with intent to distribute cocaine base.

Ford also challenges the sufficiency of the government's evidence against him. Ford asserts that the government did not introduce sufficient evidence that he intended to distribute the cocaine base found in his bedroom. "In reviewing for sufficiency of the evidence, we view the evidence in the light most favorable to the verdict, and we will overturn a conviction only if no reasonable jury could have concluded that the defendant was guilty beyond a reasonable doubt on each essential element of the charge." *United States v. Kenyon*, 481 F.3d 1054, 1067 (8th Cir. 2007) (internal quotation omitted).

We conclude that the evidence was sufficient to support a reasonable inference that Ford knowingly possessed cocaine base with intent to distribute it. The discovery of a bag containing cocaine base in Ford's bedroom, an area over which he had dominion and control, supports an inference that Ford knowingly possessed the controlled substance. Ford's prior conviction for possessing cocaine base strengthens the inference that he knew the substance was cocaine base.

On the issue of intent, the prosecution presented the testimony of an expert witness, James McHugh of the Drug Enforcement Administration. McHugh testified that the amount of cocaine base discovered under Ford's mattress amounted to more than eighty doses for personal use. He opined that 8.45 grams was "more typical of someone that's not keeping it for personal use but preparing it for distribution." (T. Tr. II, at 16). By presenting proof that police found a scale and numerous sandwich bags in Ford's residence, the prosecution bolstered McHugh's testimony with circumstantial evidence that Ford was involved in the resale of drugs. Intent to distribute the drugs may be inferred solely from the possession of large quantities of narcotics, *United States v. Oleson*, 310 F.3d 1085, 1089 (8th Cir. 2002), and the presence of packaging materials and a scale strengthens the inference. *Id.* Accordingly, we conclude that there was sufficient evidence to support the verdict.

\*   \*   \*

For the foregoing reasons, the judgment of the district court is affirmed.

_____