# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1513

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Plaintiff - Appellee, | * |
| | * |
| v. | * Appeal from the United States |
| | * District Court for the Western |
| | * District of Missouri. |
| Kennedy Igbokwe, | * |
| | * |
| Defendant - Appellant. | * |

_____

Submitted: January 16, 2008
Filed: March 3, 2008

_____

Before LOKEN, Chief Judge, MURPHY, Circuit Judge, and JARVEY,[1] District Judge.

_____

MURPHY, Circuit Judge.

Kennedy Igbokwe was convicted in the district court[2] of one count of health care fraud in violation of 18 U.S.C. § 1347, nineteen counts of currency structuring

_____

[1]The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa, sitting by designation.

[2]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri, presiding.

in violation of 31 U.S.C. § 5324, and four counts of money laundering in violation of 18 U.S.C. § 1957. He was sentenced to a prison term of 63 months. Igbokwe appeals, attacking his convictions for health care fraud and money laundering on the basis of insufficient evidence and his sentence on the basis that the district court erred in calculating the loss for his health care fraud conviction. We affirm.

Igbokwe solely owned, controlled, and operated Cardinal Healthcare, Inc., a durable medical equipment supply company, through which he defrauded Medicare by billing it for expensive power wheelchairs while providing substantially cheaper motorized scooters to beneficiaries. The evidence established that such "upcoding" occurred in 129 separate instances, causing Medicare to lose $2,200 on each wheelchair and a total of $283,800. With the help of two physician codefendants, Igbokwe also submitted fraudulent certificates of medical necessity to Medicare for individuals who often did not qualify for any type of wheelchair or scooter. Igbokwe's codefendants admitted in their guilty pleas that at least half of the 423 claims submitted by Cardinal Healthcare, which totaled more than $2.5 million, were based on fraudulent certificates of medical necessity, producing an intended loss of more than $1.25 million. Since Medicare paid Cardinal Healthcare over $1.5 million for power wheelchair claims, the district court consequently imposed a restitution order of $750,000 for actual loss. The funds received from Medicare were deposited into Cardinal Healthcare bank accounts under Igbokwe's exclusive control, from which he initiated wire transfers with amounts exceeding $10,000 on four occasions; these wire transfers were the basis for his money laundering convictions. Igbokwe also engaged in currency structuring by withdrawing cash amounts of less than $10,000 nineteen times in an attempt to circumvent currency transaction reporting requirements.

Igbokwe argues on appeal that his convictions for health care fraud and money laundering were not supported by sufficient evidence. We review de novo whether the evidence was sufficient to justify Igbokwe's convictions and draw all reasonable inferences in the light most favorable to the verdict. See United States v. Spears, 454

F.3d 830, 832 (8th Cir. 2006). To prove the health care fraud charges, the government produced evidence showing that Medicare reimbursed Cardinal Healthcare for the expensive power wheelchairs even though the beneficiaries only received scooters. Witness testimony described fraudulent efforts by Igbokwe such as "recruiting" beneficiaries and established that significant funds deposited into Cardinal Healthcare's checking account were withdrawn as untraceable cash. Evidence in support of his money laundering conviction showed that Igbokwe knowingly made wire transfers of more than $10,000, based on funds Cardinal Healthcare had fraudulently received from Medicare for power wheelchairs. In light of all the evidence, it was not unreasonable for the jury to find Igbokwe guilty of health care fraud and money laundering. See United States v. Jara, 474 F.3d 1018, 1021 (8th Cir. 2007) (verdict may only be reversed on appeal if no reasonable jury could have found the accused guilty).

Igbokwe also submits that the district court incorrectly calculated the loss for the health care fraud conviction. We apply de novo review to the district court's application of the federal sentencing guidelines. United States v. Mashek, 406 F.3d 1012, 1016 (8th Cir. 2005). The district court adopted the presentencing report and grouped the health care fraud, money laundering, and currency structuring convictions under U.S.S.G. § 3D1.2(d). The currency structuring convictions were assigned offense level 24, exceeding the offense levels for the other counts, which became irrelevant for sentencing calculation purposes under the grouping rules. See United States v. Mooney, 425 F.3d 1093, 1097-98 (8th Cir. 2005) (en banc) (count producing highest offense level establishes offense level for group); see also U.S.S.G. § 3D1.3. With his criminal history category I, Igbokwe's resulting guideline range for offense level 24 was 51-63 months. His sentence of 63 months was within that range.

Igbokwe's argument that the district court erred in arriving at the loss amount on the health care fraud conviction is unavailing. Because his sentence was based on Igbokwe's currency structuring conviction under the guideline grouping rules rather than on his health care fraud conviction, any error in calculating the loss for the health

care fraud conviction would have been harmless.  See <u>United States v. Watkins</u>, 486 F.3d 458, 470 (8th Cir. 2007), vacated on other grounds by --- S.Ct.---, 2008 WL 59282 (allegedly erroneous sentencing computation that has no effect on defendant's sentence is moot).

Accordingly, we affirm the judgment of the district court.

_____