# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2558

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Luis Morgan, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: October 22, 2010
Filed: October 25, 2010

_____

Before LOKEN, MURPHY, and BENTON, Circuit Judges.

_____

PER CURIAM.

A jury convicted Luis Morgan of conspiring to distribute 5 kilograms or more of cocaine, and the district court[1] sentenced him to 135 months in prison and 5 years of supervised release. This appeal followed, in which Morgan's counsel moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967); Morgan has filed two pro se supplemental briefs. Morgan and his counsel raise issues regarding sufficiency of the evidence, the denial of motions to suppress and to sever,

_____

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

instructional error, drug quantity, and other matters, all of which we have reviewed and found meritless for the reasons discussed below.

First, the district court did not err in denying the motion to suppress based on the suppression-hearing testimony of the two arresting officers who testified that Morgan waived his Miranda[2] rights prior to making post-arrest statements. See United States v. Carlson, 613 F.3d 813, 817 (8th Cir. 2010). Morgan complains that the magistrate judge[3] failed to sequester one of the officers while the other was testifying, but he failed to move for sequestration and has not shown that he was prejudiced. See Fed. R. Evid. 615; United States v. Collins, 340 F.3d 672, 680-81 (8th Cir. 2003). Second, the court did not abuse its discretion in refusing to sever Morgan's case from that of his co-conspirators, because co-conspirators are generally tried together and proof of the charges against each involved some of the same evidence. See United States v. Kime, 99 F.3d 870, 880 (8th Cir. 1996). Third, Morgan did not object below to the lack of Hispanics on the jury, and in any event, we see nothing in the record suggesting that Hispanics were deliberately excluded from the jury. See United States v. Turcotte, 558 F.2d 893, 895 (8th Cir. 1977).

Fourth, the jury's verdict was supported by Morgan's post-arrest statements to police, various wiretapped conversations, and the testimony of two co-conspirators as well as investigating agents, see United States v. Hernandez, 569 F.3d 893, 896 (8th Cir. 2009); witness credibility was for the jury to determine, see United States v. Foxx, 544 F.3d 943, 950 (8th Cir. 2008); and the court's jury instructions on weighing evidence and testimony adequately covered the substance of Morgan's proposed instruction on credibility, see United States v. Meads, 479 F.3d 598, 601 (8th Cir. 2007). Fifth, the district court was entitled to rely upon the unobjected-to drug-

_____

[2]Miranda v. Arizona, 384 U.S. 436 (1966).

[3]The Honorable Sarah W. Hays, United States Magistrate Judge for the Western District of Missouri.

quantity assessment in the presentence report, see United States v. Beatty, 9 F.3d 686, 690 (8th Cir. 1993). We defer Morgan's claims regarding counsel's ineffective representation to 28 U.S.C. § 2255 proceedings. See United States v. McAdory, 501 F.3d 868, 872-73 (8th Cir. 2007).

Finally, after reviewing the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we have found no nonfrivolous issues for appeal. Accordingly, we affirm the judgment of the district court, and we grant counsel's motion to withdraw, subject to counsel informing Morgan about procedures for seeking rehearing or filing a petition for certiorari.

_____