# United States Court of Appeals
### For the Eighth Circuit

_____

No. 14-1336
_____

United States of America

*Plaintiff - Appellee*

v.

Demario Kentrell Booker

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: October 7, 2014
Filed: December 19, 2014

_____

Before LOKEN, BEAM, and COLLOTON, Circuit Judges.

_____

LOKEN, Circuit Judge.

A jury found Demario Booker guilty of being a prohibited person in possession of a firearm in violation of 18 U.S.C. § 922(g). Booker appeals his conviction, challenging the district court's[1] response to a question from the jury during its

_____

[1]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota.

deliberations. Reviewing the court's response for abuse of discretion, we affirm. See United States v. Hudspeth, 525 F.3d 667, 679 (8th Cir. 2008) (standard of review).

At approximately 2:00 a.m. on November 20, 2012, Booker led Minneapolis police on a high-speed chase through north Minneapolis and suburban Robbinsdale after refusing to obey an attempted traffic stop. When the car finally stopped and three occupants exited the vehicle, police found a loaded handgun lying in plain view under the brake pedal. During the chase, Booker was driving the car. Its owner, Booker's friend Daniel Mack, was the back seat passenger. Michelle Crook, an acquaintance of Mack, was the front seat passenger. Booker's defense at trial was that he never had knowing actual or constructive possession of the firearm.

Crook testified that, during the chase, Booker pulled out a gun, "showed it," dropped it on the floor, tried to retrieve it by reaching under the seat while driving, and asked the passengers to help find it. Mack testified he never saw Booker with a gun that night, but Booker "made a reference" to a gun at some point during the chase, and Mack "drew an assumption" that Booker "had a gun in the car." Booker testified that Mack said during the chase that *Mack's* gun was under the driver's seat, causing Booker to panic and begin searching for it. Booker declared that he never possessed, touched, saw, or controlled a gun on November 20. Mack, who also had a prior felony conviction, testified he had not put the gun in the car.

At the close of the trial, the district court instructed the jury, without objection, that the government must prove beyond a reasonable doubt that Booker "knowingly possessed the firearm described in the indictment" at the time in question. The court explained the meaning of "possession," again without objection, in Instruction 19:

> The law recognizes several kinds of possession. A person may have
> actual possession or constructive possession. A person may have sole
> or joint possession. A person who knowingly has direct physical control

over a thing at a given time is then in actual possession of it. *A person who although not in actual possession has both the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons, is then in constructive possession of it.* . . . Whenever the word "possession" has been used in these instructions, it includes actual as well as constructive possession and also sole as well as joint possession.

(Emphasis added.) The conflicting trial testimony put both knowing actual and knowing constructive possession at issue.

During its deliberations, the jury asked the court a question: "Can you have constructive possession without touching the gun?" The court conferred with counsel to discuss the appropriate response. The court proposed that it refer to the definition of constructive possession in Instruction 19 and asked counsel whether it should "go beyond that." Defense counsel urged the court to refer to the knowing possession element of the offense, as well as Instruction 19; provide the jury with the definition of constructive possession in United States v. Pazour, 609 F.3d 950, 952-53 (8th Cir. 2010); and also instruct the jury that "merely being present in a vehicle in which a gun is discovered is not enough to establish constructive possession." The government opposed these additional instructions, noting that Instruction 19 "has covered the notion of mere presence." The government urged the court to "answer the question with one word: Yes," and refer the jury to Instruction 19.

The court decided it would not supplement its instructions but would answer the question by referring the jury to the constructive possession portion of Instruction 19 plus the knowing possession element of the offense. The court explained that it wanted to focus the jury's attention on the "fairly explicit definition of constructive possession" in Instruction 19:

I think going beyond that [with] language from the case or a mere presence instruction at this point would be going too far. I don't want to answer the question yes because it's not just simply a yes or no answer.

It's more detailed than that, and you don't want to have a jury thinking that these questions are yes or no answers. They have to analyze much more than the touching issue, but I also think that we should refer them to element two to remind them that it has to be knowing possession and not unknowing possession.

On appeal, Booker argues the court's response "allowed the jury to convict Mr. Booker on an impermissible basis and therefore constituted reversible error." Booker concedes, as he must, that "in responding to a jury's request for supplemental instruction, it may be proper at times to simply refer the jury back to the original instructions." United States v. Abdul-Aziz, 486 F.3d 471, 476 (8th Cir. 2007) (quotation omitted). But in this case, he argues:

if the gun was already in Mr. Mack's car before Mr. Booker got in . . . Mr. Booker exercised control only if he touched the gun at some point once he was in the car. Otherwise, the only evidence would be that Mr. Booker was driving someone else's car and learned partway through the trip that the car owner, a passenger, had a gun in the car. That is not enough for constructive possession . . . even if the defendant knows about the contraband.

As framed, Booker has not raised a supplemental instruction issue. He concedes the district court properly defined constructive possession for the jury[2] and

---

[2]Instruction 19 correctly defined constructive possession as requiring "both the power and the intention at a given time to exercise dominion or control over a thing." See United States v. Tenerelli, 614 F.3d 764, 770 (8th Cir. 2010), cert. denied, 131 S. Ct. 1589 (2011).

properly instructed that the government must prove knowing constructive possession. "A 'mere presence' instruction is unnecessary where it would have duplicated the instructions outlining the elements of the offense, the definition of possession, and the burden of proof." United States v. Cantrell, 530 F.3d 684, 692 (8th Cir. 2008) (quotation omitted).

Rather, the argument on appeal -- the district court "allowed the jury to convict Mr. Booker on an impermissible basis" -- is a disguised attack on the sufficiency of the government's evidence of constructive possession. And the argument is fundamentally flawed. Contrary to the above-quoted contention, the fact that Booker drove the vehicle with knowledge that the firearm was present in the vehicle with him "is sufficient to establish his constructive possession of the firearm." United States v. Wright, 682 F.3d 1088, 1090 (8th Cir. 2012). The testimony of Crook and Mack, though inconsistent in other respects, was sufficient (if believed by the jury) to prove that Booker drove the vehicle a substantial distance with knowledge a firearm was present. If he knew a firearm was in the car, he was not entitled to an instruction that his mere presence as the driver "is not enough to establish constructive possession," even if he did not touch the firearm. Booker relies on United States v. Manning, 618 F.2d 45 (8th Cir. 1980), in arguing that failure to give a supplemental mere presence instruction was reversible error. But Manning is readily distinguishable because it involved a challenge to an original jury instruction, not a request for a supplemental instruction during jury deliberations.

For these reasons, the district court did not abuse its discretion in answering the jury's question by referring the jury to instructions that accurately stated the legal definition of constructive possession and the "knowingly" element of the offense. United States v. Smith, 104 F.3d 145, 148-49 (8th Cir. 1997).

The judgment of the district court is affirmed.

_____