# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-2149
_____

United States of America

*Plaintiff - Appellee*

v.

Ricky Timothy Williams

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern
_____

Submitted: January 12, 2024
Filed: February 7, 2024
_____

Before BENTON, ERICKSON, and KOBES, Circuit Judges.
_____

BENTON, Circuit Judge.

A jury convicted Ricky Timothy Wiliams of possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i); and being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The

district court[1] sentenced him to 270 months in prison and five years of supervised release.  He appeals the conviction.  Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Williams contends the district court erred by giving a supplemental instruction that "went beyond the scope of the jury's question and was duplicative of instructions already given."  This court reviews for abuse of discretion.  *See United States v. Abdul-Aziz*, 486 F.3d 471, 476 (8th Cir. 2007).  "A trial court's response to a jury's request for supplemental instruction is a matter within the sound discretion of the trial court."  *Id*.  This court will affirm if the instructions, "taken as a whole, fairly and adequately instruct the jurors on the applicable law."  *United States v. Cornelison*, 717 F.3d 623, 628 (8th Cir. 2013) (cleaned up).

After the parties presented their evidence, the court read the final instructions to the jury.  Final Instruction No. 10 said:

### ELEMENTS OF THE OFFENSE:  COUNT 2—POSSESSION OF A FIREARM IN FURTHERANCE OF A DRUG TRAFFICKING CRIME

The crime of possessing a firearm in furtherance of a drug trafficking crime, as charged in Count 2 of the Indictment, has two elements, which are:

*One*, the Defendant committed the crime of possession with intent to distribute a controlled substance (methamphetamine), as charged in Count 1;

*Two*, on or about October 21, 2020, the Defendant knowingly possessed a firearm, that is a loaded Bryco Arms, .380 caliber pistol bearing serial number 1035597, in furtherance of that crime.

---

[1]The Honorable Rebecca Goodgame Ebinger, United States District Court Judge for the Southern District of Iowa.

The phrase "in furtherance of" should be given its plain meaning, that is, the act of furthering, advancing, or helping forward. The phrase "in furtherance of" is a requirement that the Defendant possess the firearm with the intent that it advance, assist, or help commit the crime, not that it actually did so.

If you find these two elements unanimously and beyond a reasonable doubt, then you must find the Defendant guilty of the crime of possessing a firearm in furtherance of a drug trafficking crime, as charged in Count 2 of the Indictment; otherwise, you must find the Defendant not guilty of this crime.

During jury deliberations, the jury sent a note about Final Instruction No. 10:

A) If we believe that the defendant is guilty of possession with intent to distribute a controlled substance

B) and we believe the defendant is guilty of possession of the firearm

C) Do we have to find the defendant guilty of Count II with respect to Two, the defendant knowingly possessed a firearm . . . in furtherance of a crime

—Specifically the reference to "no that it actually did so"

After discussing with the parties, the court proposed a supplemental instruction:

1. No. As explained in Final Instruction No. 10, if you find the two elements of Count 2, unanimously and beyond a reasonable doubt, you must find the Defendant guilty of the crime charged in Count 2; otherwise you must find the Defendant not guilty of the crime.

2. The language questioned, as to "not that it actually did so," means that "in furtherance of" is not a requirement that the firearm advance the drug trafficking crime, but rather a requirement that the Defendant possessed the firearm with the intent of advancing the drug trafficking crime.

-3-

These instructions should be taken together with the instructions I previously gave to you. The instructions must be considered as a whole. Remember that the Defendant is presumed to be innocent and this presumption can be overcome only if the Government proves, beyond a reasonable doubt, each element of a crime charged.

Williams did not argue the supplemental instruction was legally inaccurate, but still objected to it. Overruling the objection, the court read it to the jury. Soon after, it returned a guilty verdict on all three counts.

The jury's note made clear it was confused about the meaning of the phrase "not that it actually did so" from Final Instruction No. 10. If a jury is confused and "makes explicit its difficulties," the district court should clear up the confusion "with concrete accuracy." ***Bollenbach v. United States***, 326 U.S. 607, 612-13 (1946). The court did so here by clarifying the meaning of the phrase at issue, using language from the final instructions already given. The parties do not dispute that the supplemental instruction accurately sets forth the law. *See **United States v. Kent***, 531 F.3d 642, 654 (8th Cir. 2008) ("'In furtherance of' is not a factual requirement that the firearm advance the crime, but rather a requirement that the person possess the gun with the *intent* of advancing the crime.").

Williams argues he was prejudiced by the supplemental instruction because it was "phrased negatively," while the model instruction was "phrased affirmatively." This argument has no merit. The model instructions are not binding on the district court. Rather, they are "helpful suggestions." ***United States v. Owens***, 966 F.3d 700, 705 (8th Cir. 2020). The court was required to ensure that the supplemental instruction was "accurate, clear, neutral, and non-prejudicial." ***United States v. Skarda***, 845 F.2d 1508, 1512 (8th Cir. 1988). It did so here.

Williams maintains the supplemental instruction was unnecessarily duplicative. This argument also has no merit. District courts are not prohibited from giving duplicative instructions where reinstruction will assist the jury. *See generally **United States v. Manning***, 618 F.2d 45, 47-48 (8th Cir. 1980) (holding that a "mere

presence" instruction was required in addition to the model "constructive possession" instruction). Taken as a whole, the supplemental instruction fairly and adequately instructed the jurors on the applicable law. The court did not abuse its discretion in giving it.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____